UNITED STATES of America, Plaintiff–Appellee,

v.

Salvatore SPINE, Jr., Defendant–Appellant.

No. 91–3133.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 5, 1991.

Decided Sept. 23, 1991.

Robyn Jones, Office of the U.S. Atty., Columbus, Ohio, Robert E. Lindsay, briefed, Alan Hechtkopf, Karen Quesnel, and Yoel Tobin, argued, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, D.C., for plaintiff-appellee.

Charles E. McFarland, argued and briefed, Newton Falls, Ohio, for defendant-appellant.

Before MARTIN and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Salvatore Spine, Jr. appeals his jury conviction for federal income tax evasion. Spine seeks a new trial because the district court denied his motion for a continuance in order to permit him to receive additional information regarding prospective jurors' tax histories in accordance with 26 U.S.C. § 6103(h)(5). Spine also argues that the district court erred in admitting into evidence computer-generated documents and testimony regarding those documents and that the government failed to prove that he had federal income tax "due and owing." For the reasons stated, we affirm.

Spine was charged by indictment with three counts of tax evasion, in violation of 26 U.S.C. § 7201, for the years 1982, 1983, and 1984. The indictment charged Spine

with willfully attempting to evade his income tax due and alleged various acts committed toward that end, including the failure to file an income tax return, transferring assets to nominees, and filing false W–4 forms.

Prior to trial, Spine requested information regarding IRS investigations of potential jurors pursuant to 26 U.S.C. § 6103(h)(5). Specifically, Spine requested of the IRS whether any potential juror had been audited dating back to 1964. On May 1, 1990, Spine filed a motion for continuance claiming, *inter alia*, that he had been advised the IRS needed more time to complete its search for information regarding potential jurors. Apparently, the IRS had compiled the potential jurors' tax histories for the last six years, but would have required substantially more time to provide the tax histories for the prior years because that information had to be obtained through a manual search of the records. In a written order, the district court denied the continuance stating that any request for tax histories more than six to ten years old "virtually handcuffs the Court's ability to go forward on any reasonable time table." Instead, the court held that it could elicit additional information through a confidential questionnaire which would ask all potential jurors whether they had "ever been audited, investigated, or had any disagreement with the IRS or any other taxing authority." Any juror who answered "yes" to this question would then be questioned privately by the court and counsel.

On May 7, Spine's trial began. The jury found Spine guilty on all three counts. The district court denied Spine's motion for new trial and sentenced him to one year imprisonment, to be followed by five years of supervised release on the condition that he pay all civil liability and file any required tax returns. This appeal ensued.

■ In his quest for a new trial, Spine argues that the district court improperly denied his May 1 motion for continuance in which he requested the IRS be granted additional time in which to complete his request for the potential jurors' tax histories. Ordinarily, we review a district court's decision denying a motion for continuance under an abuse of discretion standard. *United States v. Gallo*, 763 F.2d 1504, 1523 (6th Cir.1985) (quoting *United States v. Mitchell*, 744 F.2d 701, 704 (9th Cir.1984)), *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1200, 89 L.Ed.2d 314 (1986). However, the question in this case is not whether the district court properly denied Spine's motion for a continuance, but rather whether the district court satisfied the mandates of § 6103(h)(5). The answer to this question, of course, is a matter of statutory interpretation which we make on the record before us. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).

■ Section 6103(a) establishes the general rule of confidentiality regarding the disclosure of taxpayers' returns or return information. *See* 26 U.S.C. § 6103(a). That section goes on to list a number of exceptions to the general rule of confidentiality. *See* 26 U.S.C. §§ 6103(c)–(*o*). One such exception, 26 U.S.C. § 6103(h)(5), provides that when the United States is a party to a judicial tax proceeding, the Secretary of the Treasury must divulge, to any person who is also a party that inquires, whether a prospective juror in such proceeding "has or has not been the subject of any audit or other tax investigation by the Internal Revenue Service." 26 U.S.C. § 6103(h)(5).[1] The statute directs the Secretary to "limit such response to an affirmative or negative reply to such inquiry." *Id.* Citing this statute, Spine argues that

---

**1.** The relevant portion of the statute reads as follows:

(5) *Prospective jurors.*—In connection with any judicial proceeding described in paragraph (4) to which the United States is a party, the Secretary shall respond to a written inquiry from an attorney of the Department of Justice (including a United States attorney) involved in such proceeding or any person (or

his legal representative) who is a party to such proceeding as to whether an individual who is a prospective juror in such proceeding has or has not been the subject of any audit or other tax investigation by the Internal Revenue Service. The Secretary shall limit such response to an affirmative or negative reply to such inquiry.

the district court committed reversible error in denying his motion for continuance because he had an "absolute" right to know whether any potential juror "has or has not" ever been audited or investigated by the IRS. We disagree.

A review of the relevant case law fails to reveal any published Sixth Circuit precedent regarding this issue.[2] There are, however, a number of decisions from other circuits which have addressed this issue. *See, e.g., United States v. Lussier,* 929 F.2d 25 (1st Cir.1991); *United States v. Sinigaglio,* 925 F.2d 339 (9th Cir.), amended, 942 F.2d 581 (9th Cir.1991); *United States v. Masat,* 896 F.2d 88 (5th Cir.1990). Spine relies heavily upon the Ninth Circuit decision of *United States v. Hashimoto,* 878 F.2d 1126 (9th Cir.1989). In *Hashimoto,* the court reversed the defendant's conviction for failing to file a tax return due to the district court's failure to provide the defendant with the jury panel list until seven days before trial. The court reasoned that "as a general rule, seven days will not be sufficient time in which to file and receive a response to a written request submitted pursuant to § 6103(h)(5)." *Id.* at 1130. The court characterized the mandatory language of § 6103(h)(5) as granting the defendant an "absolute right" to juror information. *Id.* at 1130.

Having concluded that the district court erred, the *Hashimoto* majority concluded the error required reversal of Hashimoto's conviction. The majority declined to decide whether an error under § 6103(h)(5) requires a per se rule of reversal or merely creates a presumption of a significant risk of prejudice, which may be overcome by the judge's voir dire questioning. *Id.* at 1133–34. The majority did not choose between the alternative standards because it found that even under the more lenient standard a reversal was necessary because "none of the questions asked during voir dire was sufficient to counter the presumption of risk of prejudice that, at a minimum, arises, from a violation of the statute." *Id.* at 1134.

More recently, in *United States v. Sinigaglio,* 925 F.2d 339 (9th Cir.), amended, 942 F.2d 581 (9th Cir.1991), the Ninth Circuit revisited this issue. The court held that the government acted arbitrarily and in violation of the statute by limiting the audit history information to six years. *Id.* at 341. The court held that § 6103(h)(5) affords a defendant the right to know whether a prospective juror has or has not been audited with no six year limitation. *Id.* at 342. The court further stated "while the voir dire here did elicit additional information, it did not negate the significant risk of prejudice caused by the government's incomplete disclosure of audit information." *Id.* at 342.

The Fifth Circuit, in *United States v. Masat,* 896 F.2d 88 (5th Cir.1990), has also considered this issue. In *Masat,* the defendant was promptly provided with a list of potential jurors and made an inquiry to the IRS about any past investigations. However, the defendant had not received all the requested information prior to trial. The district court denied defendant's motion for a continuance, and instead during voir dire asked the prospective jurors whether or not they had been subject of an audit or controversy with the IRS. The Fifth Circuit while acknowledging that the district court should have allowed Masat time to obtain from the juror information he sought, held that the error committed was harmless and not prejudicial, "for the jurors were asked the relevant questions by the trial judge." *Id.* at 95.

Similarly, in *United States v. Lussier,* 929 F.2d 25 (1st Cir.1991), the First Circuit held that the district court had "adequately enforced both the letter and spirit of the statute," *id.* at 30, by "winnowing the juror pool through questions on voir dire, directing the prosecutor to verify the empaneled

---

**2.** There is, however, an unpublished opinion which dealt briefly with this issue. In *United States v. Tucker,* 914 F.2d 259 (6th Cir.1990) the court rejected the defendant's argument under § 6103(h)(5) because the defendant had failed to raise the issue at the trial court level. More importantly for our purposes, the court went on to note that even if the district court had failed to correctly apply § 6103(h)(5) any defect was cured in the voir dire questioning of the jurors where the court probed the jurors about any past disputes with the IRS.

jurors' answers by obtaining § 6103(h)(5) information about them from the IRS, and in fact obtaining such verification before the jury was sworn...." *Id.* The defendant in *Lussier* had argued that the district court committed error by failing to provide him with the prospective juror list prior to the start of his trial. The court reasoned that because "all of the information obtained on voir dire was ... confirmed by the Secretary pursuant to § 6103(h)(5)" *id.*, "any question of unfairness or statutory noncompliance" was avoided. *Id.*

■ With these cases in mind, we now turn to the present case. We note at the outset that we are not faced with the problem specifically at issue in *Hashimoto*, namely the right of the defendant to promptly receive the jury list. In *Hashimoto*, the district court did not release the jury list to the defendant until a week before trial, thus precluding him from inquiring into any of the potential jurors' tax histories. In this case, Spine was provided with the list of potential jurors more than thirty days in advance of trial which is a reasonable period of time to inquire to the IRS under § 6103(h)(5). While we agree with the *Hashimoto* court's conclusion that in order to carry out the dictates of § 6103(h)(5), a defendant is entitled to receive the list of prospective jurors "sufficiently far in advance of the scheduled trial date to permit a request to be filed and a response to be received," *Hashimoto*, 878 F.2d at 1130, this does not shed any light on the issue presented by Spine in this case. Here we are called upon to determine what that "response" must contain, in other words, is the IRS required to manually search their records back to 1964 before the trial can begin.

■ The language of § 6103(h)(5) is direct, stating that the Secretary "shall" respond to a written inquiry from a party to a judicial proceeding pertaining to tax administration. The *Hashimoto* court characterized this language as granting a defendant an "absolute" right to the tax information. *Id.* at 1130. Citing this language in *Hashimoto*, Spine argues that the district court failed to comply with the

clear requirements of the statute because the IRS had only provided him with the potential jurors' tax histories for the last six years prior to trial. Spine's argument, in effect, is premised upon the assumption that the only reliable way for him to know whether a potential juror "has or has not been subject to any audit or other tax investigation" is through the IRS. We believe, however, on the record before us that the district court sufficiently complied with § 6103(h)(5) by ensuring that the tax histories of potential jurors was made available to Spine for six years and combining this information with an extensive voir dire.

The legislative history of § 6103(h)(5) reflects that Congress sought to eliminate the prior informational advantage enjoyed by the government regarding a potential juror's tax history. Section 6103(h)(5) was added to the Internal Revenue Code by the Tax Reform Act of 1976. Prior to the passage of the Act, the government was authorized pursuant to Treasury Regulation § 301.6103(a)–1(h) to inquire of the IRS whether a prospective juror "has or has not, been investigated by the Internal Revenue Service." S.Doc. No. 266, 94th Cong., 2d Sess. 949–952 (1976). There was no such regulation which authorized a criminal defendant in a tax case, or any other party for that matter, to make such an inquiry. An early draft of the Tax Reform Act of 1976 contained a provision which essentially codified Treasury Regulation § 301.6103(a)–1(h) as Section 6103(m). H.R. 11090, 94th Cong., 1st Sess. § 2 (1975). However, after debate regarding whether access to potential jurors' tax histories should be permitted at all, Congress decided that such disclosures should be permitted "so long as the taxpayer whose tax liability is at issue also has access to this information." Senate Committee on Finance, 94th Cong., 2d Sess., June 4, 1976, Press Release (1976), *reprinted in* Tax Magmt. (BNA), Primary Sources, Series II, § 6103 (1976), at 40 (Nov. 1, 1977).

■ In light of this legislative history, we are unable to conclude that in enacting § 6103(h)(5) Congress meant to preclude the United States from prosecuting any tax

case in which the IRS has not made a full response to an inquiry as to the audit histories of prospective jurors, regardless of the cost of obtaining this information in terms of delay and inconvenience and regardless of the trial court's willingness to develop the information through inquiry on voir dire. Instead, we feel that § 6103(h)(5) must be interpreted in light of other competing considerations, such as a district court's authority to control its docket and the public's interest in prompt and efficient administration of justice. More specifically, in order to comply with § 6103(h)(5) a district court is required to grant the defendant a reasonable period of time in which to permit the IRS to conduct a search of its records for potential jurors' tax histories. If, after a reasonable period of time, the IRS is unable to locate all the potential jurors' tax histories from the time that each began paying taxes, the district court can proceed to trial without running afoul of § 6103(h)(5) by ascertaining such information through voir dire. *See Masat*, 896 F.2d at 95; *Lussier*, 929 F.2d at 30. To interpret this section otherwise would permit a defendant in a tax matter to postpone his trial indefinitely by simply requesting potential jurors' tax histories *ad infinitum*.

In this case the district court gave Spine a reasonable period of time in which to inquire as to the potential jurors' tax histories. During this period, the IRS was able to determine conclusively whether or not the potential jurors had been audited or investigated in the last six years. In order to obtain the jurors' tax histories prior to the last six years the IRS would have required a great deal more time in which to conduct a manual search of the records. The district court balanced the competing considerations and found it appropriate to proceed to trial. We find nothing in the statute that prevents the district court from undertaking such an analysis.

Furthermore, the district court sought to insure that Spine was provided the requested information by conducting extensive voir dire. First, the district court distributed a confidential questionnaire to each potential juror asking if they had "ever been audited, investigated or had any disagreement with the IRS or any other taxing authority." Secondly, the district court individually questioned, in the presence of counsel, any juror who answered "yes" to this question. Additionally, the court conducted a general voir dire of the entire jury pool in which it asked whether the prospective jurors could be fair and impartial to the defendant. Spine challenges whether voir dire is sufficient to provide him with the tax information he is otherwise entitled to receive under § 6103(h)(5) because he has no way of confirming the truthfulness of the jurors' responses. However, we see no reason to abandon the presumption that jurors ordinarily respond truthfully to questions on voir dire. *Masat*, 896 F.2d at 95.

■ Spine next argues that the district court erred in admitting into evidence computer-generated documents and testimony regarding these documents. During its case-in-chief, the government called Bonnie Fetters, a user-support specialist in the computer division of the Cincinnati office of the IRS, who testified that she performed a search of IRS records and found no return filed by Spine for the years of 1982–1984 and no record of him having paid any taxes for years. Thereafter, the government moved to admit three certified "Certificates of Assessments and Payments" (Forms 4340) for Spine's social security number for the years 1982–1984 which stated that there was no record of the filing of a return. Spine argues, in effect, that this evidence was impermissible hearsay and thus improperly admitted into evidence. We disagree.

Spine's argument concerning the 4340 Forms and the testimony of Fetters regarding them is not unlike that made by the defendant in *United States v. Bowers*, 920 F.2d 220 (4th Cir.1990). In *Bowers*, the government introduced the identical "Certificates of Assessments and Payments" in an effort to prove that the defendants had failed to pay their income taxes. The defendants, like Spine, argued that such documents were hearsay and did not satisfy any hearsay exception. The court rejected

this argument finding the documents properly admissible under Fed.R.Evid. 803(10). *Id.* at 223.

Rule 803(10) provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> *Absence of public record or entry.* To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and preserved by a public office or agency, evidence in the form of a certification in accordance with rule 902, or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry.

We likewise find that these documents satisfy this exception to hearsay. The IRS regularly makes and preserves computer "data compilations" about taxpayers. The certificates disclose the "nonoccurrence ... of a matter" which would have been included in the data compilation. *Bowers*, 920 F.2d at 223. *See also United States v. Neff*, 615 F.2d 1235, 1242 (9th Cir.), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980).

Spine's final argument, that the government failed to prove the essential elements of tax evasion, is disposed of quickly. Specifically, Spine argues that the government failed to identify the statute, presumably 26 U.S.C. § 6012, which imposed a legal duty upon him to pay income taxes. We reject this argument. Spine was charged under 26 U.S.C. § 7201 with tax evasion; the elements of the offense are (1) willfulness, (2) existence of a tax deficiency, and (3) an affirmative act constituting evasion. *United States v. Reed*, 821 F.2d 322 (6th Cir.1987). The government alleged in the indictment, and presumably proved at trial, that Spine had taxable income for the years in question and yet did not file any tax returns. Indeed, the indictment even went so far as informing Spine of the specific amount he owed. Furthermore, the government proved specific acts

of evasion on the part of Spine, such as filing a false W–4 form with his employer or depositing monies in a bank account in the name of "Heidi Bradley," thereby concealing his assets. The government was not required specifically to name 26 U.S.C. § 6012 in order to prove an essential element of tax evasion. *United States v. Kahl*, 583 F.2d 1351 (5th Cir.1978) (no citation to § 6012 was necessary in information charging defendant with failure to file tax return).

Spine attempts to support this argument by citing to the recent Supreme Court case, *Cheek v. United States*, 498 U.S. ——, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). In *Cheek*, the Court held that proof of "willfulness" under either 26 U.S.C. § 7201 or § 7203 "requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Id.* 111 S.Ct. at 610. In this case, there was simply no dispute as to whether the law imposed a duty upon Spine to pay his income taxes.

Therefore, for the foregoing reasons, we affirm.

WELLFORD, Senior Circuit Judge, concurring:

I fully concur with Judge Martin's thorough opinion in this case. I add only that I would adopt the following interpretation of § 6103(h)(5) given recently in a similar case:

> We do not think that § 6103(h)(5) requires a tax defendant to receive the names of the venire a month or more in advance of trial, as the *Hashimoto* majority held. The statute itself makes no provision for such an extreme alteration of normal trial arrangements. It merely directs the Secretary of the Treasury to make certain information available upon request. Subject only to review for abuse, the district court retains discretion to ascertain the relevance and need for such information in a given case, and the proper measures to accommodate a § 6103(h)(5) request. In a tax prosecution such as this, we encourage the dis-

trict court to take reasonable and feasible steps to enable a defendant, who makes a clear and timely request, to procure § 6103(h)(5) information prior to the swearing of the jury. But we do not lay down a hard and fast rule.

In the circumstances of the present case, we hold that the approach taken by the district court—winnowing the juror pool through questions on voir dire, directing the prosecutor to verify the empaneled jurors' answers by obtaining § 6103(h)(5) information about them from the IRS, and in fact obtaining such verification before the jury was sworn—adequately enforced both the letter and spirit of the statute.

*United States v. Lussier*, 929 F.2d 25, 30 (1st Cir.1991).