**UNITED STATES of America, Appellee,**

v.

**William P. HOLDEN, Jr., Appellant.**

**No. 91-3079.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1992.

Decided May 8, 1992.

Richard F. Thurston, Denver, Colo., argued, for appellant.

Frederick J. Dana, St. Louis, Mo., argued, for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,* District Judge.

FAGG, Circuit Judge.

William P. Holden, Jr. appeals his convictions for willful failure to file income tax returns. We affirm.

Holden first contends the district court committed reversible error by denying him his statutory right to discover whether the prospective jurors in his case had been audited or investigated by the Internal Revenue Service. 26 U.S.C. § 6103(h)(5)

(1988). Nearly six months before trial, Holden requested the district court's list of the jury panelists for Holden's trial to use in obtaining this information. Although the district court recognized the information sought by Holden "would be extremely helpful to [him] in selecting a jury," the district court refused to release the jury list. The district court felt "a thorough and probing inquiry of [the] jurors ... [would] adequately provide [Holden] ... the information he need[ed] effectively to exercise his peremptory challenges." The district court was also willing to order a section 6103(h)(5) inquiry to verify the empaneled jurors' voir dire answers if Holden were convicted.

The Ninth and the Eleventh Circuits have concluded that access to the jury list must be given to taxpayer defendants who apply to the district court for early release of the list and make clear the list is necessary to obtain section 6103(h)(5) information. *United States v. Schandl*, 947 F.2d 462, 466–67 (11th Cir.1991), *petition for cert. filed*, (U.S. Mar. 17, 1992) (No. 91–7666); *United States v. Hashimoto*, 878 F.2d 1126, 1130 (9th Cir.1989). The First Circuit, however, holds a taxpayer defendant's early request for juror information must be considered within the framework of "the district court's authority to control its docket and its public duty to offer prompt and efficient administration of justice." *United States v. Huguenin*, 950 F.2d 23, 29 (1st Cir.1991). When it is necessary to balance these competing concerns, district courts in the First Circuit have discretion to adopt proper measures that provide "the next best alternative to a full [section] 6103(h)(5) response from another source." *Id.* at 30. The First Circuit, however, encourages the district courts "to take reasonable and feasible steps to enable a [taxpayer] defendant, who makes a clear and timely request, to procure [section] 6103(h)(5) information [before] the swearing of the jury." *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir.1991).

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

We need not choose between the positions taken by these courts of appeals. Even under the approach taken by the First Circuit, we believe the district court should have granted Holden's request. As far as we can tell, granting Holden's well-timed request would not have interfered with the district court's docket, delayed Holden's trial, or otherwise upset normal trial arrangements. The district court ruled as it did "to protect [the] jury panel from possible intimidation and invasion of privacy." We do not believe the reason given by the district court supports the outright denial of Holden's request. The district court's undocumented concerns could have been accommodated by an order limiting the Government's or Holden's early access to the jury list to the scope of Holden's request.

Nevertheless, we are unwilling to predicate reversal on the district court's denial. During voir dire, the district court asked the jurors if they had ever been audited by the Internal Revenue Service or involved in a case or dispute with the United States. Eight jurors acknowledged they had been audited. None of those who spoke up served on the jury. Having reviewed the record, we are satisfied the voir dire provided Holden with the same information he would have received under section 6103(h)(5). *See United States v. Masat,* 896 F.2d 88, 95 (5th Cir.1990). Further, Holden neither challenged the sufficiency of the district court's questions nor asked the district court to verify the jurors' answers. In these circumstances, we conclude the jurors' voir dire answers rendered harmless the district court's denial of Holden's request for early access to the jury list. *See* Fed.R.Crim.P. 52(a); *Schandl,* 947 F.2d at 468–69; *Masat,* 896 F.2d at 95.

Holden next contends the district court committed error in denying his motion for acquittal based on the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. §§ 3501–3520 (1988). Under the PRA, any "information collection request" from a federal agency must display a control number issued by the Director of the Office of Management and Budget (OMB). *Id.* § 3507(f). If an agency's information collection request does not display the OMB control number assigned by the Director, "no person shall be [penalized] for failing to ... provide [the requested] information." *Id.* § 3512. Holden acknowledges the 1040 tax forms he failed to file displayed OMB control numbers, but argues he should be acquitted because the tax instruction booklets did not display control numbers.

The PRA defines an information collection request as "a written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, collection of information requirement, or other similar method calling for the collection of information." *Id.* § 3502(11). Although tax forms fall within the PRA's definition of information collection requests, *Dole v. United Steelworkers,* 494 U.S. 26, 33, 110 S.Ct. 929, 933, 108 L.Ed.2d 23 (1990), tax instruction booklets do not. *United States v. Dawes,* 951 F.2d 1189, 1192 (10th Cir.1991). Because tax instruction booklets simply assist a taxpayer in completing tax forms and ensure compliance with the information collection requests, booklets are not required to display an OMB number. *Id.* "As long as the 1040 form complies with the [PRA], nothing more is required." *Id.* at 1193. We thus reject Holden's contention that he should be acquitted because the tax instruction booklets fail to comply with the PRA.

Finally, Holden contends the district court's judgment mistakenly shows Holden was convicted of income tax evasion rather than willful failure to file income tax returns. The Government agrees. Accordingly, we remand this case to the district court with instructions to correct the judgment. Having found no reversible error, however, we affirm Holden's convictions.