**UNITED STATES of America, Appellee,**

v.

**Frederick AXMEAR, Appellant.**

**No. 91–3660MN.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1992.

Decided May 18, 1992.

Richard F. Thurston, Denver, Colo., argued, for appellant.

Jon M. Hopeman, Minneapolis, Minn., argued (Thomas B. Heffelfinger and Mary K. Pitsenbarger, on the brief), for appellee.

Before FAGG, BEAM, and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

Frederick Eugene Axmear appeals his convictions for income tax evasion. We affirm.

Axmear contends the district court committed reversible error by denying him a continuance to obtain additional juror information under 26 U.S.C. § 6103(h)(5). Under this statute, taxpayer defendants may discover from the Secretary of the Treasury whether their prospective jurors have been audited or investigated by the Internal Revenue Service. More than four months before trial, Axmear sought access to the district court's jury list to use in obtaining this information. To facilitate Axmear's receipt of the information, the district court directed the Government to submit the jury list to the Secretary of the Treasury. The Secretary's response, however, told only whether Axmear's prospective jurors had been audited or investigated during the past six years.

At the beginning of trial, Axmear requested a continuance to discover whether any juror had been audited or investigated during the past twenty-five years. Although the district court recognized that without a continuance Axmear would be unable to obtain this additional information, the district court denied Axmear's request. The district court felt it could obtain the same information by questioning the jurors during voir dire.

■ The Second, Fifth, and Sixth Circuits have concluded the denial of a taxpayer defendant's request for a continuance to obtain additional section 6103(h)(5) information is not reversible when the district court conducts an appropriate voir dire. *United States v. Droge*, 961 F.2d 1030, 1034 (2d Cir.1992); *United States v. Masat*, 948 F.2d 923, 927 (5th Cir.1991); *United States v. Spine*, 945 F.2d 143, 147–48 (6th Cir.1991). *But see United States v. Sinigaglio*, 942 F.2d 581, 583 (9th Cir.1991). We agree.

Before voir dire, the district court stated it would ask the jurors whether they had ever been audited or investigated. Axmear agreed the district court's proposed question would elicit the same information Axmear sought under section 6103(h)(5). Indeed, when the district court asked the question during voir dire, several jurors admitted they had been audited. Axmear did not object to the district court's voir dire, and he remained silent when given the opportunity to propose additional questions about the jurors' audit histories. In these circumstances, we conclude Axmear suffered no prejudice from the district court's denial of his request for a continuance. *See United States v. Holden*, 963 F.2d 1114, 1116 (8th Cir. 1992); *Droge*, 961 F.2d

at 1036–1037; *Masat,* 948 F.2d at 927; *Spine,* 945 F.2d at 148.

Axmear also contends the district court should have granted his pretrial motion for dismissal, or alternatively his motion for acquittal, because the tax instruction booklets for the years he evaded taxes do not display Office of Management and Budget control numbers. *See* 44 U.S.C. §§ 3501–3520 (1988). This contention is foreclosed by our holding in *Holden.* at 1116.

Accordingly, we affirm Axmear's convictions.