UNITED STATES of America,

v.

Francis A. GILLOTTI, a/k/a Frank A. Gillotti, Defendant.

No. 92–CR–81A.

United States District Court,
W.D. New York.

Dec. 30, 1992.

Dennis C. Vacco, U.S. Atty. (Marc S. Gromis, Asst. U.S. Atty., of counsel), Buffalo, NY, for U.S.

Richard C. Southard, Lockport, NY, for defendant.

## MEMORANDUM and ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned on May 8, 1992 by the Hon. Richard J. Arcara for all pretrial matters. The matter is presently before the court on Defendant's motion for discovery.

### BACKGROUND

Defendant, Gillotti, was charged in a three count information, dated April 4, 1992, with violations of 26 U.S.C. § 7203. Specifically, Gillotti is charged with willfully failing to file income tax returns for the years 1985, 1986, and 1987.

On July 10, 1992, Gillotti filed an Omnibus Motion seeking various items of discovery, along with dismissal of the indictment and/or suppression of evidence. The dispositive motions are discussed in a separate Report and Recommendation. The Government filed its response on July 23, 1992. Oral argument on the matter was held before this court on October 22, 1992.

In its response to Gillotti's motion, the Government stated that it had provided all Fed.R.Crim.P. 16 material to the defense. The Government also acknowledged its obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and stated that it would disclose all exculpatory information, if any was discovered, and that there were no informants or individuals in this case who had ever received any promises of leniency or specific arrangements in exchange for information regarding the case. Finally, the Government offered to provide *Jencks* material to the defense one week prior to trial. The Government objected to all other discovery requests.

The court, at oral argument, ordered disclosure of all *Brady* and *Giglio* material no later than thirty days prior to trial.

### DISCUSSION

The remaining items in dispute which Gillotti seeks are early pretrial production of statements of witnesses pursuant to 18 U.S.C. § 3500, disclosure of material pursuant to disclosure of the identity of informants, and disclosure of the use of civil summonses. Gillotti also seeks a pretrial ruling excluding government employees from the jury panel, along with recipients of public assistance, and for production of Internal Revenue Service ("IRS") information regarding the jury panel or nondisclosure of the names of the panel to the IRS.

### 1. *Early disclosure of Jencks Act materials*

The *Jencks Act* provides that a defendant in a federal criminal trial, after a government witness has testified on direct examination, is entitled to receive, for purposes of cross-examination, any statements of the witness in the government's possession which relates to the subject matter as to which the witness has testified. 18 U.S.C. § 3500(b). See also, *United States v. Myerson,* 851 F.2d 65, 67 n. 2 (2d Cir.1988). A district court has no inherent power to modify or amend the provisions of the *Jencks Act.* See, *In re United States,* 834 F.2d 283, 287 (2d Cir. 1987).

In this case, the Government has offered to disclose all *Jencks Act* materials no later than one week before trial. The court cannot order the Government to disclose such material at any earlier date.

## 2. Names of identification witnesses

■ An informant's identity need not be disclosed unless it is essential to the defense. See, *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 627–28, 1 L.Ed.2d 639 (1957); *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.1988), *cert. denied*, 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1988); *United States v. Russotti*, 746 F.2d 945, 949–50 (2d Cir.1984). A defendant may be able to establish the right to disclosure where the informant is a key witness or participant in the crime charged or someone whose testimony would be significant in determining guilt or innocence. See, *Saa, supra*, at 1073. In addition, Fed.R.Crim.P. 16 does not require the Government to furnish the names of witnesses prior to trial. See, *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). While a court may order disclosure of identities of witnesses, it should not do so in the absence of "a specific showing that disclosure is both material to the preparation of the defense and reasonable in light of the surrounding circumstances." *Bejasa, supra*, at 140.

In this case, Gillotti has made no showing that the identity of any witnesses or informants would be essential to his preparation for trial. In the absence of a showing of a particularized need, the court cannot order such pretrial disclosure.

## 3. Discovery and Use of Civil Summonses

Gillotti has requested that the Government disclose whether administrative summonses were used in this case, the date on which such summonses were issued, if any, the date on which the IRS recommended a criminal prosecution to the Department of Justice, and copies of the summonses. Gillotti further requests that, following such disclosure, a hearing be held to determine whether the summonses were properly used in this matter.

The Government responded that administrative summonses were used prior to the time this matter was referred to the Department of Justice for a criminal prosecution, and that, where required by law, Gillotti received notice of the issuance of these summonses. In addition, the Government stated, by affidavit, that this matter was referred for criminal prosecution on November 27, 1989, and the last administrative summons was issued prior to July 1, 1989. At oral argument, the Government agreed to disclose to Gillotti copies of these administrative summonses. It appears, therefore, that the summonses that were issued were within the pre-criminal phase of the IRS investigation as permitted by statute. See, 26 U.S.C. § 7602(c); *DeGroote v. United States*, 1986 WL 8877 (W.D.N.Y.1986) (Telesca, J.)

■ Where a taxpayer has made a substantial preliminary showing that an IRS summons has been issued for an improper purpose, he is entitled to an opportunity to substantiate his allegations by way of an evidentiary hearing. See, *United States v. Millman*, 765 F.2d 27, 29 (2d Cir.1985). However, unless a taxpayer opposing enforcement of an IRS summons makes such a 'substantial preliminary showing' of an alleged abuse of process, neither an evidentiary hearing nor limited discovery need be ordered by the district court. See, *United States v. Tiffany Fine Arts*, 718 F.2d 7, 14 (2d Cir.1983), *aff'd*, 469 U.S. 310, 105 S.Ct. 725, 83 L.Ed.2d 678 (1985).

■ In this case, Gillotti has not made a preliminary showing as to the need for an evidentiary hearing, stating simply hypothetical fact patterns that could have happened as a basis for requiring the hearing. This is clearly not a sufficient showing to warrant a hearing into the reasons for issuing the summonses at issue. Accordingly, Gillotti's motion for an evidentiary hearing is DENIED.

## 4. Exclusions from the jury panel

Gillotti seeks disclosure of jury panel information well in advance of trial in order to adequately prepare for *voir dire*, specifically by determining whether any prospective jurors have been the subject of any type of investigation by the IRS. Gillotti particularly moves for entry of an order compelling the Clerk of the Court to select one hundred names for a prospective jury panel, compelling the Clerk to provide names, addresses, and social security numbers to assist the Secretary of the Treasury in responding to

Gillotti's request, compelling disclosure of the requested information for jury panel members and their spouses from 1964 to the present, and continuing the trial date until this process has been completed. Gillotti has also requested an order preventing the names of the jury panel for this case from being released to any employees of the IRS. Finally, Gillotti requests an order excluding all government employees and recipients of government public assistance from the jury panel for cause, or to allow defense counsel to conduct his own *voir dire* to develop adequate reasons to excuse such jurors for cause.

The Government, in its response, agreed that Gillotti is entitled to determine whether any prospective juror has been the subject of an IRS audit or tax investigation, (see, 26 U.S.C. § 6103(h)(5)), and asked the court to direct the Clerk of the Court to prepare a list of 75 prospective jurors and to supply such jurors names to Gillotti and to the Secretary of the Treasury so that a response to Gillotti's request of the Secretary may be made. The Government also noted that Gillotti should immediately file his request with the Secretary so as to facilitate the disclosure process. The Government also stated that it did not intend to request or to examine any tax information regarding potential jurors other than during *voir dire*. However, the Government reserved the right to seek the information that Gillotti obtains from the Secretary of the Treasury if Gillotti does indeed seek such information. The Government does object to Gillotti's motion to exclude government employees and recipients of government programs as potential jurors.

■ Section 6103(h)(5) of Title 26 of the United States Code affords a defendant the right to obtain a response from the Secretary of the Treasury as to whether a prospective juror has been audited. However, neither the statute nor any regulation interpreting the statute sets forth any procedures to be followed in implementing the statute. See, *United States v. Droge,* 961 F.2d 1030, 1033 (2d Cir.1992). *Droge* set forth the procedures in which courts within the Second Circuit should implement 26 U.S.C. § 6103(h)(5). In *Droge,* the court held that the responsibili-

ty of the district court is substantially met when the district court assists the defendant in obtaining § 6103(h)(5) information from the Treasury Department by ordering, upon a defendant's request, the expedited release of jury lists, by affording a defendant a reasonable period of time in which to receive the information from the Treasury Department, and, in the event that the information is not received within a reasonable period of time or is incomplete, (a) ascertaining that the government is not in possession of any of the requested information that the defendant does not have and, (b) inquiring into the jurors' past audit history on *voir dire* so as to elicit comparable information. *Droge, supra,* at 1036. As to Gillotti's request that the Government not disclose potential juror names to the IRS, the Government has indicated that it does not intend to request or examine tax information relating to potential jurors except to ask the court to question these jurors during *voir dire*. To the extent that the Government seeks such information as a result of Gillotti's request to the Secretary of the Treasury, such information should be used pursuant to the terms set forth in 26 U.S.C. § 6103, and will not be disclosed to the IRS.

■ Therefore, based on the procedures as set forth in *Droge,* the Clerk of the Court is directed to provide, as soon as reasonably possible, a list of 75 prospective jurors for this case, including names, addresses, and social security numbers, to defense counsel. The trial court will allow a reasonable period of time for Gillotti to obtain the information requested from the Secretary of the Treasury. While it is allowable to request tax information for each prospective jury member dating back until 1964, the defendant should take note that "[i]f, after a reasonable period of time, the IRS is unable to locate all the potential jurors' tax histories from the time that each began paying taxes, the district court can proceed to trial without running afoul of § 6103(h)(5) by ascertaining such information through *voir dire*." *Droge, supra,* at 1036 (quoting, *United States v. Spine,* 945 F.2d 143, 147 (6th Cir.1991). Accordingly, the court will not order an unlimited continuance of the trial until such time

when the § 6103(h)(5) is completed, but will only allow a reasonable continuance to be determined by the trial court.

■ Gillotti's request to exclude all government employees and recipients of government benefits for cause from the jury panel is without basis and is DENIED. It is well settled that government employees will not be automatically stricken from juries considering violations of federal laws. *Dennis v. United States*, 339 U.S. 162, 172, 70 S.Ct. 519, 523, 94 L.Ed. 734 (1950) (employees of the federal government are not challengeable solely by reason of their employment); *United States v. Lawson*, 670 F.2d 923, 926 (10th Cir.1982) (court did not commit error in failing to exclude all government employees from the jury for cause). Additionally, there is no basis on which to automatically exclude recipients of government benefits for cause from the jury. See, *e.g., United States v. Criminal Court of the City of New York*, 442 F.2d 611 (2d Cir.1971), *cert. denied,* 404 U.S. 856, 92 S.Ct. 111, 30 L.Ed.2d 98 (1971) (practice of excluding welfare recipients from jury service had no statutory basis and was terminated).

Counsel is further directed to contact this court **no later than 90 days following the date of this order** to provide a report on the status of the information sought from the Secretary of the Treasury. Gillotti is directed to immediately make application to the Secretary of the Treasury for information pursuant to 26 U.S.C. § 6103(h)(5) following his receipt of the names of the potential jury panel from the Clerk of the Court.

SO ORDERED.