MICHAEL J. ANDREAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Andreas v. Commissioner
Docket Nos. 13944-91, 22707-91
United States Tax Court
T.C. Memo 1993-551; 1993 Tax Ct. Memo LEXIS 557; 66 T.C.M. (CCH) 1411; November 23, 1993, Filed *557 Decision will be entered under Rule 155. Michael J. Andreas, pro se. For respondent: Keith L. Gorman. CLAPP
CLAPP
MEMORANDUM OPINION CLAPP, Judge: These cases were consolidated for purposes of trial, briefing, and opinion. Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Docket No. 22707-91
Additions to Tax
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
1983
$  7,637
$ 3,819
[1]
1984
17,922
8,961
[2]
1985
11,593
5,797
[3]
1986
13,212
-- --
1987
3,904
-- --
Additions to Tax
Sec.
Sec.
Sec.
Year
6653(b)(1)(A)
6654(b)(1)(B)
6654
1983
--  --
$ 250
1984
--  --
673
1985
--  --
479
1986
$ 9,909.00
[4]
639
1987
2,928.00
[5]
243
Docket No. 13944-91
Additions to Tax
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
1988
$ 25,567
--
--
Additions to Tax
Sec.
Sec.
Sec.
Year
6653(b)(1)(A)
6654(b)(1)(B)
6654
1988
$ 12,783.50
[6]
$ 1,632
*558 As an alternative to the additions to tax for fraud, respondent determined additions to tax for negligence and delinquency. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. These cases were submitted fully stipulated under Rule 122. We incorporate by reference the stipulation of facts and attached exhibits. After concessions, the issues for decision are: (1) Whether respondent's alleged failure to comply with the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. secs. 3501-3520 (1988), bars the assessment and collection of the additions to tax on the deficiencies in years 1983 through 1988; (2) whether petitioner is entitled to any itemized deductions for the years in issue; and (3) whether the Court should grant respondent's motion for sanctions under section 6673. Petitioner also alleged that respondent's failure to comply with the PRA bars the assessment and collection of statutory interest. We will not address that issue as this Court does not have jurisdiction over interest accruing on unassessed *559 deficiencies. See 508 Clinton St. Corp. v. Commissioner, 89 T.C. 352 (1987); LTV Corp. v. Commissioner, 64 T.C. 589 (1975). We hold that petitioner is liable for additions to tax and is not entitled to an allowance for any alleged itemized deductions. In addition, we grant respondent's motion for sanctions under section 6673 and require that petitioner pay a penalty in the amount of $ 15,000 to the United States. Petitioner failed to file Federal income tax returns for the years 1983 through 1988. Petitioner conceded that he received taxable income in the years at issue and the parties agreed on the amounts of income received. Petitioner lived in Harrisonville, New Jersey, at the time the petitions in these cases were filed. Issue 1. Petitioner's Liability for Additions to Tax
In instituting these proceedings, petitioner is relying solely on certain arguments concerning the PRA that were hinted at in his petitions and expounded on in his briefs. Petitioner agrees that his case is won or lost on these arguments because he has stipulated that, if we reject them, he will concede all the additions to tax (including *560 the additions to tax for fraud) contained in respondent's notices of deficiency. In general, the PRA requires Federal agencies requesting information from the public to obtain approval from the U.S. Office of Management and Budget (OMB) for all "information collection requests" and that an OMB control number be displayed on the information request. 44 U.S.C. sec. 3507(a)(3), (f) (1988). If information requests fail to display the required OMB control numbers, "no person shall be subject to any penalty for failing to maintain or provide information to any agency". 44 U.S.C. sec. 3512. Relying on this provision, petitioner argues that because the regulations and instructions to which he would have referred had he filed tax returns did not contain OMB numbers, he cannot be penalized for failure to file. A number of courts have addressed petitioner's argument and have held that the PRA does not apply to either Federal income tax regulations or to the instructions accompanying Federal tax forms because such documents are not information collection requests; rather, they are designed to help taxpayers complete *561 tax forms and more easily comply with information collection requests. See Salberg v. United States, 969 F.2d 379 (7th Cir. 1992); United States v. Holden, 963 F.2d 1114 (8th Cir. 1992); United States v. Dawes, 951 F.2d 1189 (10th Cir. 1991); United States v. Crocker, 753 F. Supp. 1209 (D. Del. 1991); see also Dole v. United Steelworkers, 494 U.S. 26 (1990). Several Courts of Appeals also have rejected petitioner's argument on the grounds that the requirement to file tax returns is mandated by statute, not by regulation, and statutes are not subject to the PRA. See Salberg v. United States, supra; United States v. Neff, 954 F.2d 698 (11th Cir. 1992); United States v. Hicks, 947 F.2d 1356 (9th Cir. 1991); United States v. Kerwin, 945 F.2d 92 (5th Cir. 1991); United States v. Wunder, 919 F.2d 34 (6th Cir. 1990). This Court has found both analyses persuasive and, in any event, *562 both lead us to the same result. Our research has not located, and the parties have not referred us to, any cases in which this Court has heard and accepted petitioner's arguments concerning the PRA. Because the cases in which this Court has heard and rejected such arguments are too numerous to cite, we cite the following as examples: Aldrich v. Commissioner, T.C. Memo. 1993-290; McCart v. Commissioner, T.C. Memo. 1993-96; McDonald v. Commissioner, T.C. Memo. 1992-586; Pekrul v. Commissioner, T.C. Memo. 1992-455, affd. without published opinion 993 F.2d 884 (9th Cir. 1993); DiCarlo v. Commissioner, T.C. Memo. 1992-280; Ferguson v. Commissioner, T.C. Memo. 1992-95, affd. without published opinion 995 F.2d 223 (5th Cir. 1993); Nulsen v. Commissioner, T.C. Memo. 1991-495. Accordingly, we reject petitioner's argument that the PRA prohibits respondent from assessing additions to tax with respect to his failure to file *563 Federal income tax returns. Issue 2. Itemized Deductions
In his petitions, petitioner claimed entitlement to various itemized deductions. Having presented no evidence regarding the deductions, petitioner has failed to meet his burden of proof on this issue. Even if petitioner had provided evidence to support the itemized deductions, he still would not be entitled to any such deductions for any of the years in issue. Section 63 and the regulations thereunder do not authorize the election to itemize deductions unless a return is filed. Sec. 63(g)(1) and (4) (sec. 63(e)(1) and (2) for 1987 and 1988); sec. 1.63-1, Income Tax Regs. Because petitioner failed to file a return for any of the years in issue, he did not make the required election for any of those years. Consequently, petitioner is not entitled to any itemized deduction for those years. O'Gwynn v. Commissioner, T.C. Memo. 1989-250. Issue 3. Section 6673 Penalty
Respondent filed a motion for a penalty pursuant to section 6673 because, respondent contends, petitioner is asserting a position that is groundless and is maintaining this proceeding primarily for delay. Section *564 6673(a)(1) currently provides in pertinent part: [1]
(1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC.--Whenever it appears to the Tax Court that-- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceedings is frivolous or groundless, or
* * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. The purpose of section 6673 is to compel a taxpayer to think and to conform his conduct to settled principles before he litigates or continues to maintain a proceeding. A petition to the Tax Court is frivolous if it is unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). *565 Both the Court and respondent's counsel provided petitioner with citations to numerous cases concluding that the same arguments as those made by petitioner lacked any basis in fact or law and were legally frivolous. In addition, respondent's counsel warned petitioner that if he pursued his arguments, respondent would seek a penalty under section 6673. The record in this case establishes that petitioner had no interest in disputing the merits of either the deficiencies or the additions to tax determined by respondent. Apparently working from some type of canned brief or handbook, petitioner has raised only the tired, discredited arguments that have been rejected by this Court and many other courts. We find that petitioner lacked any arguable basis in fact or law to contend that the regulations and the Form 1040 instruction booklets did not comply with the PRA. Petitioner continues to raise the same unfounded arguments that this Court has repeatedly found meritless and warranting the imposition of sanctions. In addition, petitioner's assertions have resulted in the waste of valuable governmental and judicial resources. We grant respondent's motion and require petitioner to pay *566 the United States a penalty of $ 15,000. Decisions will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 4,792. ↩
2. 50 percent of the interest due on $ 11,707. ↩
3. 50 percent of the interest due on $ 9,020. ↩
4. 50 percent of the interest due on $ 13,172. ↩
5. 50 percent of the interest on the deficiency. ↩
6. 50 percent of the interest on the deficiency. ↩
1. Sec. 6673(a)(1) was amended by sec. 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400, and applies to positions taken after Dec. 31, 1989, in proceedings pending on or commenced after such date.↩