37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James TRIPLETT, Defendant-Appellant.
 No. 92-3898.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 James Triplett appeals his conviction and sentence for one count of filing a false federal income tax return in violation of 26 U.S.C. Sec. 7206(1). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A four-count indictment, handed down in October 1990, charged that Triplett had willfully filed false income tax returns for the tax years 1982, 1983, amended return for 1983, and 1984. Count 4(a) specifically charged that Triplett had falsely claimed a depreciation deduction for $15,700 on his 1984 return. The government dismissed count 2 prior to trial. A six-day jury trial was conducted as to the remaining counts. At the close of the government's case, the district court granted Triplett's motion for judgment of acquittal on counts 1, 3, and 4(b), but denied his motion as to count 4(a). On October 24, 1991, the jury returned a verdict of guilty as to count 4(a). Triplett's motion for a new trial was denied and he was sentenced on July 16, 1992, to three years of imprisonment, suspended except for 60 days. The district court further imposed three years of probation, a $10,000 fine, and $1,697 restitution. Execution of Triplett's sentence of incarceration has been stayed pending disposition of this appeal.
 
 
 3
 On appeal, Triplett, who is proceeding pro se, raises eighteen alleged trial errors: (1) the government failed to turn over exculpatory evidence to the defense, (2) the government misrepresented that exhaustion/depreciation did not occur, (3) the government misrepresented that the defendant had a legal duty to use Form 4562 and its instructions regarding exhaustion and depreciation, (4) the government failed to provide the defendant with requested information regarding the grand jury's and petit jury's tax audit history, (5) the government concealed evidence on its criminal investigation under the ruse of pursuing a civil investigation, (6) the trial court erred when it dismissed only half of count 4 instead of the entire count, (7) the trial court erred by applying 26 U.S.C. Sec. 168 instead of Sec. 167 to his exhaustion/depreciation claim, (8) the trial court lacked jurisdiction to proceed with count 4(a) after count 4(b) had been dismissed, (9)-(10) & (15) trial counsel rendered ineffective assistance, (11) the trial court presented jury instructions which did not comport with the law, (12) the indictment was defective because it failed to state the correct depreciation amount, (13) the trial court erred by not ordering the government to produce all possible "retaliative evidence," (14) the trial court erred by not dismissing the charge because this area of law is uncertain, (16) the trial court erred by not ordering the government to provide every item on the defendant's subpoena, (17) the government improperly failed to address every item on the defendant's subpoena, and (18) the trial court erred in setting restitution at $1,650 because that amount has no relation to any amount the government may have claimed as a loss. A motion to withdraw filed by Triplett's counsel was granted by this court's order of February 14, 1994.
 
 
 4
 Upon careful review, we affirm the district court's judgment because none of the alleged trial errors warrants relief and the amount of restitution imposed is not arbitrary but is directly related to the loss suffered by the government due to Triplett's offense of conviction.
 
 Issue One
 
 5
 Triplett first argues that the government failed to turn over to the defense exculpatory evidence. Specifically, he claims that the government was required to turn over grand jury testimony which would establish that the grand jury had refused to indict him for income tax evasion. This argument is meritless. The government agreed to provide transcripts of the defendant's testimony as well as transcripts of the grand jury testimony of those persons whom the government planned to call as witnesses at Triplett's trial. However, the government was not required to provide transcripts of the testimony of persons who would not be testifying at the trial and the district court did not abuse its discretion when it denied Triplett's request for this material on the ground that he had not shown a particularized need that would warrant disclosure of such testimony. See United States v. Short, 671 F.2d 178, 184 (6th Cir.), cert. denied, 457 U.S. 1119 (1982).
 
 Issues Two, Three, and Seven
 
 6
 Triplett's second, third, and seventh issues are related in that they claim that the government misrepresented the facts and law concerning depreciation and exhaustion. Insofar as he argues that the government erroneously misrepresented to the jury that Triplett's two DeLorean sports cars were not "exhausted" and thus subject to total depreciation, his argument is frivolous. The condition and personal or business use of the DeLoreans were questions of fact to be determined by the jury after both parties presented their evidence. The jury clearly believed the testimony presented by the government's witnesses on these questions. Issues of witness credibility are for the jury to decide and will not be redetermined by the court. United States v. Farley, 2 F.3d 645, 652 (6th Cir.), cert. denied, 114 S.Ct. 649 (1993); Boutros v. Canton Regional Transit Auth., 997 F.2d 198, 202 (6th Cir.1993). In addition, the record does not show that the government misrepresented the law concerning depreciation, exhaustion, and employee fringe benefits; and defense counsel ably cross-examined the government's witnesses to present Triplett's position.
 
 Issue Four
 
 7
 Triplett's complaint that the government failed to provide written information regarding the grand jury's and petit jury's tax audit history is without merit because he was not entitled to the tax audit history of the grand jury, and the members of the petit jury were asked during voir dire if they or their families had been audited by the IRS. This procedure substantially complied with the statute, because Triplett received the same information that he would have received had the procedure of 26 U.S.C. Sec. 6103(h)(5) been strictly followed; thus there was no prejudice to the defense. See United States v. Holden, 963 F.2d 1114, 1116 (8th Cir.), cert. denied, 113 S.Ct. 419 (1992); United States v. Spine, 945 F.2d 143, 145-48 (6th Cir.1991); United States v. Lussier, 929 F.2d 25, 29-30 (1st Cir.1991).
 
 Issue Five
 
 8
 Triplett has failed to establish that the government improperly conducted a criminal investigation under the guise of a civil investigation, and that the information obtained must, therefore, be suppressed. In order to prevail on this issue, Triplett must show by clear and convincing evidence that the revenue officer who conducted the civil investigation affirmatively misrepresented the nature of the investigation. See United States v. Burton, 724 F.2d 1283, 1288 (7th Cir.1984); United States v. Nuth, 605 F.2d 229, 234 (6th Cir.1979). Triplett has not done so.
 
 Issues Six and Eight
 
 9
 Triplett next asserts that the district court committed "plain error" in dismissing only half of count 4, which charged that Triplett filed a false 1984 tax return by claiming a false deduction for repairs, and that the court lacked jurisdiction to proceed with the remaining half of count 4, which related to the depreciation deduction. He argues that count 4 constituted only one felony, and that by "splitting" the count, the court created two felonies where the grand jury found only one. Essentially, he argues that the court's action constituted a constructive amendment that rendered the indictment duplicative. This court reviews de novo whether there was an amendment to the indictment. United States v. Robison, 904 F.2d 365, 368 (6th Cir.), cert. denied, 498 U.S. 946 (1990).
 
 
 10
 An amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or court after the grand jury has last passed upon them. Id. at 369. However, it is clear that the district court did not alter the charging terms, and thus amend the indictment, in Triplett's case. Count 4(a) could clearly stand alone in charging the substantive elements of 26 U.S.C. Sec. 7206(1). "[W]ithdrawal of a portion of the indictment that the evidence does not support is not an impermissible amendment, 'provided nothing is thereby added to the indictment, and that the remaining allegations charge an offense.' " United States v. Angiulo, 847 F.2d 956, 964 (1st Cir.) (quoting United States v. Winter, 663 F.2d 1120, 1139-40 (1st Cir.1981), cert. denied, 460 U.S. 1011 (1983)), cert. denied, 488 U.S. 928 (1988).
 
 
 11
 Nor was the indictment duplicative. The allegation in a single count that an offense was committed by several means, unlike the allegation of several offenses in the same count, is permissible and does not render the count duplicative. United States v. Hixon, 987 F.2d 1261, 1265 (6th Cir.1993).
 
 Issues Nine, Ten, and Fifteen
 
 12
 In these arguments, Triplett presents various grounds for his belief that he received ineffective assistance of counsel. "As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." United States v. August, 984 F.2d 705, 711 (6th Cir.1992) (quoting United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam)), cert. denied, 114 S.Ct. 158 (1993). The preferable route for raising such a claim is in a post-conviction proceeding brought under 28 U.S.C. Sec. 2255, which allows the parties to develop an adequate record. United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993). Accordingly, we decline to rule on these issues at this time.
 
 Issue Eleven
 
 13
 Triplett argues that the trial court was obligated to instruct the jury that a taxpayer had an unlimited deduction for employee fringe benefits in 1984. However, because he did not request the trial court to give this instruction, appeal of this issue is waived except for plain error. Fed.R.Civ.P. 30, 52(b). We find no plain error in the court's instructions.
 
 Issue Twelve
 
 14
 Triplett's assertion that the indictment was defective because it did not state the correct depreciation amount is frivolous. The indictment sets out each element of the statutory violation in order to sufficiently inform Triplett of the offense against which he was required to defend. Fed.R.Crim.P. 7(c)(1); United States v. Salisbury, 983 F.2d 1369, 1373 (6th Cir.1993). The actual amount of an allowable deduction is not an element of the offense with which Triplett was charged. Instead, the indictment adequately informed Triplett that he was charged with knowingly making a false income tax return for 1984 by claiming a $15,700 depreciation deduction. In addition, the indictment was sufficient to bar any subsequent prosecution for the same offense. Id.
 
 Issue Thirteen
 
 15
 Triplett next claims that the investigation into his tax affairs was in retaliation for litigation in which he was involved through his construction company, AAAA Enterprises, Inc., relating to a contract dispute with the United States Air Force. He argues that the government improperly withheld materials that would have proved this retaliation. In an order filed on October 9, 1991, and citing United States v. Adams, 870 F.2d 1140, 1146 (6th Cir.1989), the district court found that Triplett had failed to present some evidence tending to show the existence of the essential elements of the defense of selective prosecution. Triplett still fails to rebut the affidavits submitted by both Special Agents Millard and Ferguson that neither knew about Triplett's litigation with the Air Force at the beginning of their investigations. Accordingly, the district court did not err when it denied this request for documents.
 
 Issue Fourteen
 
 16
 The district court did not err by not dismissing the charge against Triplett on the ground that the area of law is uncertain. Triplett's argument is based on the fact that tax law is complex. However, the evidence established that Triplett did know how to properly depreciate vehicles used in his business because he did so on his 1980 income tax return. This issue is patently baseless.
 
 Issues Sixteen and Seventeen
 
 17
 The scope of discovery lies within the sound discretion of the trial court. United States v. Guy, 978 F.2d 934, 938-39 (6th Cir.1992). The district court did not abuse its discretion in denying in part Triplett's motions for production of documents.
 
 Issue Eighteen
 
 18
 Finally, the district court did not abuse its discretion in setting the amount of restitution. See United States v. Blanchard, 9 F.3d 22, 24 (6th Cir.1993). The sentencing court may require the defendant to "make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." 18 U.S.C. Sec. 3651. The court's figure was arrived at by calculating the additional tax owed on $15,700--the amount of the improperly-claimed depreciation deduction. Moreover, Triplett did not object at sentencing to this figure, which was reported on page 2 of his presentence investigation report, and so he has waived his right to appeal this issue. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993).
 
 
 19
 Accordingly, the district court's judgment, entered on August 13, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.