UNITED STATES of America,
Plaintiff–Appellee,

v.

Donald W. DAWES and Phyllis C. Dawes, Defendants–Appellants.

No. 91–3095.

United States Court of Appeals,
Tenth Circuit.

Dec. 17, 1991.

---

William A. Cohan of Cohan & Greene, Encinitas, Cal. (Jennifer A. Greene with him on the briefs), for defendants-appellants.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan. (Lee Thompson, U.S. Atty., with him on the brief), for plaintiff-appellee.

Before ANDERSON, and TACHA, Circuit Judges, and CHRISTENSEN, Senior District Judge.*

STEPHEN H. ANDERSON, Circuit Judge.

■ The issue in this case is whether the lack of Office of Management and Budget control numbers required by the Paperwork Reduction Act on the relevant federal tax regulations and instructions prevented the district court from convicting[1] the appellants for their failure to file income tax returns for the years 1981 through 1983. Because we agree with the district court that such numbers are not required for these documents, we affirm.[2]

The appellants, Donald W. Dawes and his wife, Phyllis C. Dawes, entered guilty pleas to three counts of willful failure to file income tax returns in violation of 26 U.S.C. § 7203. In entering their pleas, the Dawes preserved the issue now before the court.

---

* The Honorable A. Sherman Christensen, United States Senior District Judge for the District of Utah, sitting by designation.

1. After their original convictions were affirmed by this court, *United States v. Dawes*, 874 F.2d 746, 751 (10th Cir.1989), taxpayers brought motions for new trial which were denied by the district court. On appeal, this court reversed and remanded the matter with instructions to vacate the underlying convictions and sentences and to order the taxpayers' immediate release from prison pending further proceedings. *United States v. Dawes*, 895 F.2d 1581, 1582 (10th Cir.1990). Subsequently, taxpayers pled guilty to each of the counts with which they were charged. They were sentenced to time already served and placed on probation for five years. As will be discussed below, the Paperwork Reduction Act contains a public protection provision which negates any penalty for failure to provide information solicited in an information collection request that does not bear a control number.

2. In response to a question from the court during oral argument, counsel for the government indicated that the government did not have a unified federal position regarding this issue. Given the fact that the issue is one of national scope which affects the tax revenues of the United States, we find this posture regrettable.

The Paperwork Reduction Act (PRA or the Act) was enacted by Congress in response to growing criticism from citizens regarding what they perceived to be an ever-increasing and onerous burden of federal paperwork. *Dole v. United Steelworkers*, 494 U.S. 26, 110 S.Ct. 929, 932–33, 108 L.Ed.2d 23 (1990). In adopting the PRA, Congress crafted a comprehensive scheme designed to reduce the federal paperwork burden. *Id.* 110 S.Ct. at 933. Under the Act, OMB is given authority to review all "information collection requests," *see* 44 U.S.C. § 3507 (1988), and is to act as "the overseer of other agencies with respect to paperwork." *Dole*, 110 S.Ct. at 933. The Act defines an information collection request as

a written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, collection of information requirement, or other similar method calling for the collection of information.

44 U.S.C. § 3502(11). If OMB approves an information collection request as submitted by an agency, it is assigned a control number. 44 U.S.C. § 3504.

The PRA contains a public protection provision:

Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director [of OMB], or fails to state that such request is not subject to this chapter.

*Id.* at § 3512. Relying on this provision, the appellants argue that, because the tax regulations and instructions to which they would have referred had they filed tax returns did not contain OMB numbers, they cannot be penalized for their failure to file.

This argument, or some permutation thereof, has been raised recently in federal district courts around the country. The response from the courts has been diverse, but no court has excused the failure to file a return on these grounds. *See United States v. Stiner*, 765 F.Supp. 663, 665–66 (D.Kan.1991); *United States v. Burdett*, 768 F.Supp. 409, 413 (E.D.N.Y.1991); *United States v. Beall*, No. 91 CR 275, 1991 WL 117912, at *3 (N.D.Ill. June 24, 1991); *Brewer v. United States*, 764 F.Supp. 309, 316 & n. 4 (S.D.N.Y.1991); *United States v. Karlin*, 762 F.Supp. 911 (D.Kan.1991); *United States v. Crocker*, 753 F.Supp. 1209, 1214–16 (D.Del.1991).

Two circuit courts have already addressed the issue before us. In *United States v. Wunder*, 919 F.2d 34 (6th Cir. 1990), the defendant argued that he had received ineffective assistance of counsel during his trial on charges of wilfully failing to file income tax returns. As an example of this alleged ineffectiveness, he pointed to his counsel's failure to raise "the implications of the Paperwork Reduction Act of 1980." *Id.* at 38. In ruling against the defendant, the court noted that the return at issue displayed the appropriate control number and held that

the regulations do not need a number because the requirement to file a tax return is mandated by statute, not by regulation. Defendant was not convicted of violating a regulation but of violating a statute which required him to file an income tax return. *See* 26 U.S.C. §§ 6012 and 7203.

*Id.*

Following similar reasoning, the Ninth Circuit began by noting that the purpose of the PRA as a whole was to reign in agency activity. *United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir.1991). "Where an agency fails to follow the PRA in regard to an information collection request that the agency promulgates via regulation, at its own discretion, *and without express prior mandate from Congress*, a citizen may indeed escape penalties for failing to comply with the agency's request." *Id.* (emphasis added) (citing *United States v. Hatch*, 919 F.2d 1394 (9th Cir.1990); *United States v. Smith*, 866 F.2d 1092 (9th Cir.1989)). The court then went on to distinguish such regulations from the explicit requirement to file a tax return, with its criminal penalties for failure to do so. It

held that such explicit statutory requirements are not subject to the PRA. "The PRA was not meant to provide criminals with an all-purpose escape hatch." *Id.*

We would be inclined to follow the general analysis of *Wunder* and *Hicks* and hold that the operation of the PRA in these circumstances did not repeal the criminal sanctions for failing to file an income tax return because the obligation to file is a statutory one. However, we are not compelled to rest our opinion on the statutory origin theory because we find the analysis of other courts which have considered the issue to be persuasive.

As noted above, section 3502(11) of the PRA defines an "information collection request" as a "written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, collection of information requirement, or other similar method calling for the collection of information." 44 U.S.C. § 3502(11) (1991). While we acknowledge that tax forms are information collection requests, *Dole*, 110 S.Ct. at 933; *United States v. Collins*, 920 F.2d 619, 630 & n. 13 (10th Cir.1990) (dictum), we are not persuaded that either the instruction booklet or the regulations fit under this statutory definition.

 The Supreme Court in *Dole* has noted that most items in the statutory definition are "forms for communicating information to the party requesting that information" and that the " 'reporting and recordkeeping requirement' category is limited to 'only rules requiring information to be sent or made available to a federal agency, [and] not disclosure rules.' " *Dole*, 110 S.Ct. at 935. We agree with the court in *Crocker*, 753 F.Supp. 1209, that the instruction booklets are "simply publications designed to assist taxpayers to complete tax forms and more easily comply with an 'information collection request.' " *Id.* at 1216. The same analysis holds true for the tax regulations. The 1040 form is the information collection request which arguably must comply with the PRA. It is through the 1040 form that the government obtains all of the tax information it requires; the instructions and the regulations do not request any additional information. *See id.*[3] They are subsidiary to and mere administrative appendages of the tax form. They function only to aid the taxpayer in providing the information required by the 1040 form. As such, they are not independent information collection requests subject to the provisions of the PRA.[4]

**3.** Appellants argue that it is only in the instructions that they are required "to state specifically the items of gross income and any deductions and credits to which s/he was entitled" and that they were specifically convicted of their failure to so state. We do not agree, however, that the failure of the 1040 form to repeat all of the phraseology in the regulations and instructions transforms these regulations and instructions into independent information collection requests. It would be nonsensical and extremely inefficient to require a tax return to contain all of the information found in the regulations and instructions.

Appellants further argue that because the above requirement is not contained in an officially promulgated regulation, criminal penalties for failing to file a return cannot be enforced. Appellants' Opening Brief at 8. The obligation to comply with the applicable provisions of the Internal Revenue Code, however, is not extended by the requirement to report "specifically the items of gross income and any deductions and credits to which s/he was entitled." The provisions of the Internal Revenue Code which require the filing of a tax return, 26

U.S.C. §§ 6011–12, are published, widely known requirements. These are not the unpublished, unknown rules imposing "substantive regulations beyond those created by the statute itself" at issue in *United States v. Reinis*, 794 F.2d 506 (9th Cir.1986), upon which Appellants rely. *Hicks*, 947 F.2d at 1359 (citation omitted).

**4.** The Internal Revenue Service, as an arm of the Treasury Department and in response to final regulations published by OMB in 1983, has published control numbers for many agency regulations, see 26 C.F.R. Part 601.101, implying that the agency itself considers the regulations to be subject to the Act. However, we find it highly unlikely that Congress intended that OMB, in the guise of regulating paperwork, could dictate substantive policy to the Department of the Treasury. *See Dole*, 110 S.Ct. at 933; *Action Alliance of Senior Citizens v. Sullivan*, 930 F.2d 77, 81 (D.C.Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 371, 116 L.Ed.2d 323 (1991). In this regard, the tax instructions and regulations represent the Department of the Treasury's "substantive regulatory choice" and as such are exempt from OMB review.

We do not believe that Congress could have intended that the PRA repeal the statutory criminal penalty for failing to file an income tax return because tax regulations and instructions lack OMB numbers. As noted above, the 1040 form has the necessary numbers and expiration date for any necessary compliance with the Act. The regulations and instructions, meaningless without a 1040 form to file, are regulations and instructions aimed at a purpose: the proper completion of the 1040 form. As long as the 1040 form complies with the Act, nothing more is required. We agree with the Ninth Circuit that

> [i]f in enacting the PRA, Congress had intended to repeal 26 U.S.C. § 7203 [which predates the PRA by over twenty-five years] it could have done so explicitly. Repeals by implication are not favored. *Morton v. Mancari*, 417 U.S. 535, 549 [94 S.Ct. 2474, 2482, 41 L.Ed.2d 290] (1974). Congress enacted the PRA to keep agencies, including the IRS, from deluging the public with needless paperwork. It did not do so to create a loophole in the tax code.

*Hicks*, 947 F.2d at 1359.

 Finally, the appellants argue that because the instructions explicitly require them to maintain tax and business records, *see* Instructions for Preparing Form 1040 (1983 ed.) at 18, the instructions are "recordkeeping requirements" and thus are information collection requests subject to the PRA. We disagree. We would discern two subsets to the recordkeeping side of the "reporting and recordkeeping" category. Any recordkeeping that would require the taxpayer to further manipulate, analyze or rearrange the information in the documents he or she has already amassed in order to complete the 1040 form might arguably be an additional paperwork step that would be subject to the PRA—a point we need not decide. In contrast, a requirement simply to maintain or store the documents already assembled, or which logically ought to be assembled, for completion of the 1040 does not impose any extra paperwork burden on the taxpayer within the meaning of the Act and should escape the force of the PRA. Thus, neither the instructions nor the regulations are information collection requests or reporting and recordkeeping requirements requiring OMB control numbers pursuant to the PRA. The public protection provision of the Act, therefore, will not shield appellants from the penalty for failing to file their tax returns.

The judgment of the United States District Court for the District of Kansas is therefore AFFIRMED.