968 F.2d 19
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John R. GASSEI, Plaintiff-Appellant,
v.
DEPARTMENT OF JUSTICE; Department of the Treasury;
Internal Revenue Service, Defendants-Appellees.
 No. 91-6400.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Plaintiff John R. Gassei appeals from an order dismissing his complaint. The district court concluded that it had no jurisdiction to entertain the action because the Defendants had not consented to suit.[1] We agree that the district court lacked jurisdiction to entertain the action and affirm.
 Plaintiff has been the subject of an ongoing criminal investigation for failing to file federal income tax returns for the years 1985-88. The IRS Criminal Investigation Division recommended institution of criminal proceedings against Plaintiff to the IRS District Counsel. After Plaintiff attended a conference with the District Counsel and presented the legal theory that is the basis for this action, the District Counsel referred the case to the Department of Justice for further action.
 
 
 1
 Plaintiff then commenced this action to enjoin Defendants United States Department of Justice, United States Department of the Treasury (DOT), and Internal Revenue Service (IRS) from investigating or criminally prosecuting him for failing to file federal income tax returns, or for other associated crimes. The basis for his lawsuit was that federal tax regulations and instructions do not display control numbers issued by the Office of Management and Budget (OMB), as required by the Paperwork Reduction Act, 44 U.S.C. §§ 3501-3520 (PRA). Such failure, he alleged, exempts him from any penalty for failing to file federal income tax returns for the years 1985-88.
 
 
 2
 The United States[2] may not be sued without its consent, and the terms of its consent define the court's jurisdiction. United States v. Dalm, 494 U.S. 596, 608 (1990). A waiver of sovereign immunity is strictly construed in favor of the sovereign and may not be extended beyond the language of the applicable statute. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983). We review de novo the question of a district court's subject matter jurisdiction. Kunkel v. Continental Casualty Co., 866 F.2d 1269, 1273 (10th Cir.1989).
 
 
 3
 The complaint asserts that Defendants consented to be sued under 5 U.S.C. § 702. This section provides in part that an action in a United States court "seeking relief other than money damages and stating a claim that an agency ... acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States...." However, § 702 does not grant relief if another statute "expressly or impliedly forbids the relief which is sought." The Anti-Injunction Act, 26 U.S.C. § 7421(a), is such an express prohibition. Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir.1990).
 
 
 4
 Section 7421(a) provides generally that no suit to restrain the assessment or collection of any tax shall be maintained. An exception exists if it is clear that under no circumstances could the government ultimately prevail in collecting taxes, and equity jurisdiction otherwise exists. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962); Lonsdale, 919 F.2d at 1442.
 
 
 5
 Plaintiff argues that he is exempt from any penalty for failing to file income tax returns because the tax regulations and instructions are "information collection requests," 44 U.S.C. § 3502(11), that, if approved, were assigned control numbers. 44 U.S.C. § 3504(c)(3)(A). 44 U.S.C. § 3512 provides that no person shall be subject to any penalty for failing to provide information to an agency if the information collection request was made after December 31, 1981, and does not display a current OMB control number.
 
 
 6
 However, we recently held in United States v. Dawes, 951 F.2d 1189, 1192 (10th Cir.1991), that federal tax regulations and instructions are not information collection requests subject to the provisions of the PRA. We reasoned that the regulations and instructions "do not request any additional information.... They are subsidiary to and mere administrative appendages of the [1040] tax form. They function only to aid the taxpayer in providing the information required by the 1040 form." Id.
 
 
 7
 Plaintiff acknowledges that Dawes is controlling Tenth Circuit precedent but wishes to preserve the issue for review by the United States Supreme Court. Thus, he failed to show that under no circumstances could the government prevail in a criminal prosecution. The district court correctly dismissed the complaint for lack of jurisdiction.
 
 
 8
 The order of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 It also concluded that the complaint failed to state a claim under Fed.R.Civ.P. 12(b)(6)
 
 
 [2]
 Although the named defendants are agencies of the United States, rather than the United States itself, the doctrine of sovereign immunity cannot be avoided simply by naming agencies of the federal government as parties. National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1245-46 (10th Cir.1989). A suit is considered to be against the sovereign if the effect of a judgment would be to restrain the government from acting, or compel it to act. Dugan v. Rank, 372 U.S. 609, 620 (1963). Under this test, the present action will be considered to be against the United States