**GOSSNER FOODS, INC., a Utah corporation, Plaintiff,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Defendant.**

**No. 93–NC–109 B.**

United States District Court,
D. Utah,
Northern Division.

March 5, 1996.

**360**

Thompson E. Fehr, Ogden, UT, for Plaintiff.

Rebecca A. Lloyd, Denver, CO, for Defendant.

## MEMORANDUM OPINION
### AND ORDER

BENSON, District Judge.

This case is before the court on the plaintiff's objection to a Report and Recommendation recommending that the defendant's motion to dismiss be granted pursuant to Rule 12(b)(6), F.R.C.P. Gossner Foods, Inc. (Gossner), filed a complaint seeking judicial review of an administrative order imposing penalties for failure to comply with the toxic chemical release reporting requirements of the Emergency Planning and Community Right-to-Know Act (EPCRA), 42 U.S.C. § 11023.

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On December 30, 1992, the EPA issued an administrative complaint against plaintiff for failure to submit "timely, complete, and correct" Toxic Chemical Release Inventory Reporting Forms (Form R) for the calendar years 1988, 1989, and 1990, as required by EPCRA, 42 U.S.C. § 11023. On May 26, 1993, the Administrative Law Judge requested that the EPA identify the effect of the Paperwork Reduction Act (PRA) on this administrative action. Counsel for Gossner, allegedly believing that the EPA's identification of PRA issues meant "that the EPA's counsel would merely be collecting data on how much time was required to complete some paperwork," consented to relieve the EPA of this burden. That administrative action was settled by a consent agreement and a final order filed July 19, 1993, which required Gossner to pay a penalty of $71,400. Counsel for Gossner later learned that the PRA may have supported a theory that, absent the display of a current control number assigned by the OMB on the EPA forms or instructions, there could be no penalty for failing to provide information to the EPA. *See*, 44 U.S.C. § 3512. Subsequently, Gossner submitted a letter to the Administrative Law Judge seeking to stay the consent order pending further consideration of the PRA's applicability. The Administrative Law Judge responded that the consent agreement and order were final and had removed the case from his jurisdiction.

Gossner's appeal of the settlement agreement and order gives rise to the present action. Gossner asserts that the EPA does not have authority to impose a civil penalty for failure to file a form required under 42 U.S.C. § 11023 because of the application of the PRA, 44 U.S.C. § 3512; and therefore, that the penalty agreed to in the consent decree should be set aside for lack of consideration.

The EPA moved to dismiss the complaint for failure to state a claim, contending that (1) Gossner cannot first raise a PRA defense on appeal; (2) Gossner waived any right to contest the terms of the consent agreement as a part of the settlement; (3) the EPA substantially complied with the PRA; and (4) Gossner cannot avoid EPCRA penalties based on the PRA.[1]

The EPA's motion to dismiss was considered by the U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On September 15, 1995, the Magistrate Judge issued a Report and Recommendation recommending that the defendant's motion be granted, concluding that the PRA is inapplicable to reporting obligations imposed by congressional statute (such as EPCRA). Gossner filed a timely objection to each of the magistrate judge's conclusions and recommendations, contending (1) that the magistrate judge's rationale ignored the plain language of the PRA and its legislative history, (2) that the discretion vested in the EPA alone invokes the protections of the PRA, and (3) that the cases on which the magistrate judge relied were erroneously decided and factually inapplicable to this case. This court reviews *de novo* those portions of the Report and Recommendation to which timely objection is made. 28 U.S.C. § 636(b)(1).

## DISCUSSION

*Paperwork Reduction Act.* The applicability of the PRA to the reporting requirements of the EPCRA is a question of first impression.[2] The PRA was enacted to reduce the burden imposed by federal regulatory agencies on small businesses, individuals, and state and local governments.

> The Act [PRA] prohibits any federal agency from adopting regulations which impose paperwork requirements on the public unless the information is not available to the agency from another source

---

1. In harmony with the Magistrate Judge's *Report and Recommendation*, this court has only considered this fourth alleged ground of dismissal, as it is dispositive.

2. Several other circuits have examined the PRA in the context of criminal prosecutions in tax cases and have unanimously held that the public

protection provision of the PRA does not constitute a defense to the federal tax reporting requirements. See, Report and Recommendation at 9–10, and cases cited therein. No court, however, has considered the PRA in the context of civil penalties under EPCRA.

within the Federal Government, and the agency must formulate a plan for tabulating the information in a useful manner. Agencies are also required to minimize the burden on the public to the extent practicable. In addition, the Act institutes a second layer of review by the OMB for new paperwork requirements. After an agency has satisfied itself that an instrument for collecting information—termed an "information collection request"—is needed, the agency must submit the request to OMB for approval. If OMB disapproves the request, the agency may not collect the information.

*Dole v. United Steelworkers of America,* 494 U.S. 26, 32–33, 110 S.Ct. 929, 933, 108 L.Ed.2d 23 (1990) (citations omitted); *see also, United States v. Collins,* 920 F.2d 619, 630 (10th Cir.1990).

Under the PRA, an agency may not conduct or sponsor the collection of information unless the information collection request has been submitted to and approved by the OMB, 44 U.S.C. § 3507(a); and an agency may not engage in a collection of information without obtaining from the OMB a control number to be displayed upon the information collection request, 44 U.S.C. § 3507(f). Where these requirements are not met, the PRA provides:

Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this chapter.

44 U.S.C. § 3512.

*Gossner's Objection.* As noted above, Gossner objects to the U.S. Magistrate Judge's conclusion that the PRA does not apply to statutorily imposed reporting requirements. Gossner argues that the Code of Federal Regulations (CFR) did not include the OMB control number as a part of the

regulatory text or as a technical amendment until June 23, 1993,[3] and that because the EPA failed to properly "display" the OMB control number, the PRA explicitly precludes the imposition of a civil penalty. Further, Gossner argues that a plain reading of the PRA clause "notwithstanding any other provision of law" refers *a fortiori* to congressional statutes, not merely to agency regulations.

■ *Analysis.* This court agrees with the analysis and conclusion in the Report and Recommendation. The Magistrate Judge's recommendation is adopted in its entirety. The PRA is inapplicable to information explicitly required by statute.

In the instant case, Gossner's liability clearly does not stem from any "information collection request" by an agency, as plainly presumed by PRA. 44 .U.S.C. § 3512. *See also, Dole,* 494 U.S. at 32–33, 110 S.Ct. at 933. Rather this case involves a congressional requirement for information under EPCRA which includes an express mandate illustrating the inapplicability of PRA:

Not later than June 1, 1987, the Administrator shall publish a uniform toxic chemical release form for facilities covered by this section. *If the Administrator does not publish such a form,* owners and operators of facilities subject to the requirements of this section shall provide the information required under this subsection by letter postmarked on or before the date on which the form is due.

EPCRA, 42 U.S.C. § 3512 (emphasis added).

■ The language of EPCRA makes clear that the information requirement originates with Congress (not the EPA) and exists independently of Form R. Moreover, had the EPA failed to provide any form at all, Gossner explicitly would still have had the obligation to submit the information required under EPCRA. For this court to relieve Gossner of its duty to provide the requested information solely because of an alleged lack of an OMB number on instructions pertaining to a form would assault the

---

**3.** Gossner acknowledges that the copy of Form R published in the CFR in 1988, 1989, and 1990, contained the OMB control number. Gossner contends, however, that such publication of the

control number alone was inadequate because the form was separated from the text of regulation by a minimum of sixteen pages.

plain language EPCRA and be contrary to the Supreme Court's interpretation of PRA as discussed in *Dole.* The EPCRA reporting requirements not met by Gossner are wholly independent of the EPA's obligations under the PRA.

## CONCLUSION

The court ADOPTS the U.S. Magistrate Judge's Report and Recommendation. Gossner's objections are OVERRULED. The EPA's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED.

IT IS SO ORDERED. .

## REPORT & RECOMMENDATION

BOYCE, United States Magistrate Judge.

Plaintiff seeks judicial review of an administrative order imposing penalties for failure to comply with the toxic chemical release reporting requirements of section 313 of the Emergency Planning and Community Right-to-Know Act (EPCRA), 42 U.S.C. § 11023. The case was referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) and is presently before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

On December 30, 1992, defendant issued an administrative complaint against plaintiff for failure to submit "timely, complete, and correct" Toxic Chemical Release Inventory Reporting Forms (Form R) for the calendar years 1988, 1989, and 1990 as required by

section 313 of EPCRA, 42 U.S.C. § 11023. (Admin. compl., ex. A to Pl.'s Mem. Opp'n Mot. Dismiss, file entry 20.) Section 313 requires the owner or operator of any facility which has manufactured, processed, or otherwise used certain chemicals in amounts exceeding threshold quantities to file a form (Form R) by July 1 of the following year reporting the maximum quantities of the chemical on-site at any time during the year and the quantities of such chemicals that have been released into an "environmental medium," *i.e.,* air, water, or soil. 42 U.S.C. § 11023(a), (g).[1]

The case was settled by a consent agreement and final order filed July 19, 1993. (Final Order & Consent Agreement, ex. B to Pl's Mem. Opp'n Mot. Dismiss.) Under the consent agreement, plaintiff was required to pay a penalty of $71,400.[2]

Subsequently, on August 3, 1993, plaintiff's counsel wrote a letter to Judge Hoya, the ALJ involved in the case, seeking a stay of the consent order based on counsel's concerns regarding the possible application of the Paperwork Reduction Act to the EPCRA reporting requirements. (Letter to Judge Hoya, attached to Pl.'s Statement of Position, file entry 10.) Judge Hoya responded that execution of the consent agreement removed the case from his jurisdiction. (Letter from Judge Hoya, attached to Pl.'s Statement of Position.)

Plaintiff then filed an appeal of the settlement in this court on August 18, 1993. In response, defendant contended that the case should be dismissed for lack of subject matter jurisdiction. Subsequently, pursuant to an order by the magistrate judge (file entry

---

1. On August 11, 1992, an EPA employee had inspected plaintiff's plant. Following the inspection and subsequent communications with plaintiff, defendant determined that plaintiff had "otherwise used" certain listed chemicals in excess of threshold quantities for the years specified and had failed to submit a Form R before July 1 as required. (Admin. compl. at 4–5.) On October 22, 1992, prior to the issuance of the administrative complaint, but after the statutorily mandated time for filing, plaintiff filed the required forms showing that no toxic chemicals were released into the environment in any of the reported years. (Forms, ex. C to Pl.'s Mem. Opp'n Mot. Dismiss.)

2. The penalty in this case appears to be unusually severe especially since plaintiff did not release any toxic chemicals into the environment. Further, plaintiff points out that EPA has proposed a change in the reporting requirements eliminating the filing of Form R for entities releasing less than 100 pounds of a listed chemical. See 59 Fed.Reg. 38,524. However, plaintiff has not raised the issue of whether the penalty might violate the excessive fines provision of the Eighth Amendment.

15), plaintiff filed a complaint alleging that the penalty is barred because defendant failed to comply with the Paperwork Reduction Act. (Compl., file entry 16.) Defendant then filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. Dismiss, file entry 18.)

## DISCUSSION

### Subject Matter Jurisdiction

■ Although defendant's motion to dismiss is based solely on the ground that the complaint fails to state a claim for relief, defendant states in its memorandum in support of its motion that the complaint should also be dismissed for lack of subject matter jurisdiction. Defendant also argued lack of subject matter jurisdiction in its response to plaintiff's statement of position. (File entry 13.) Because subject matter jurisdiction cannot be waived, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995) the court will briefly address this issue.

■ Congress obviously contemplated district court review of civil penalties imposed under EPCRA as evidenced by the following provision:

> Any person against whom a civil penalty is assessed under this section may obtain review thereof in the appropriate district court of the United States by filing a notice of appeal in such court within 30 days after the date of such order and by simultaneously sending a copy of such notice by certified mail to the Administrator. The Administrator shall promptly file in such court a certified copy of the record upon which such violation was found or such penalty imposed.

42 U.S.C. § 11045(f)(1). The court concludes that subject matter jurisdiction is conferred by the foregoing subsection.

### Paperwork Reduction Act

■ Defendant contends that the complaint should be dismissed for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal of a complaint for failure to state a claim is proper if it is clear that the plaintiff can prove no set of facts which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Maez v. Mountain States Tel. & Tel., Inc.,* 54 F.3d 1488, 1496 (10th Cir.1995); *Noland v. McAdoo,* 39 F.3d 269, 273 (10th Cir.1994).

■ The Paperwork Reduction Act (PRA) was enacted to reduce the burden on small businesses, individuals, and state and local governments imposed by federal regulatory agencies' demands for information. In order to accomplish this goal, Congress set forth a comprehensive scheme designed to reduce the paperwork burden and designated the Office of Management and Budget (OMB) to oversee other federal agencies with respect to paperwork. *See* 44 U.S.C. §§ 3504–05, 3511; *Dole v. United Steelworkers of America,* 494 U.S. 26, 32, 110 S.Ct. 929, 932–33, 108 L.Ed.2d 23 (1990). Before an agency may institute new paperwork requirements, it must submit the "information collection request" to the OMB for approval. 44 U.S.C. § 3507; *Dole,* 494 U.S. at 33, 110 S.Ct. at 933; *United States v. Collins,* 920 F.2d 619, 630 (10th Cir.1990), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991). After the OMB approves an information collection request, it is assigned a control number. 44 U.S.C. § 3504; *Collins,* 920 F.2d at 630. An agency may not engage in the collection of information unless the information collection request has been approved by the OMB and the control number assigned by the OMB is displayed upon the information collection request. 44 U.S.C. § 3507(a), (f); *Collins,* 920 F.2d at 630.

Plaintiff contends that the penalty imposed by defendant in this case is barred by the following provision of the PRA:

> Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned

by the Director, or fails to state that such request is not subject to this chapter.

44 U.S.C. § 3512. Although the PRA does not define the word "display," it is defined in the implementing regulations as follows:

> (e) *Display* means:
>
> (1) In the case of forms, questionnaires, instructions, and other written collections of information, individually distributed to potential respondents, to print the OMB control number (and, unless OMB determines it to be inappropriate, the expiration date) in the upper right hand corner of the front page of the collection of information;
>
> (2) In the case of collections of information published in regulations, guidelines, and other issuances in the *Federal Register*, to publish the OMB control number in the *Federal Register* (as part of the regulatory text or as a technical amendment) and ensure that it will be included in the Code of Federal Regulations if the issuance is also included therein.

5 C.F.R. 1320.7(e) (1995).

Plaintiff states that the Code of Federal Regulations did not include the OMB control number as part of the regulatory text or as a technical amendment until June 23, 1993. Although a copy of Form R containing the OMB control number was published in the Code of Federal Regulations in 1988, 1989, and 1990,[3] plaintiff notes that the form was separated from the text by a minimum of sixteen pages. Further, of three issues of the *Federal Register* establishing the relevant regulations, only two included the OMB control number.[4] Plaintiff contends that because defendant failed to properly "display" the OMB control number, it lacked subject matter jurisdiction to assess a civil penalty against plaintiff and exceeded its statutory authority by doing so.

Several circuits have held, in the context of criminal prosecutions in tax cases, that the public protection provision of the PRA does not constitute a defense to reporting requirements that are statutorily required. See *Salberg v. United States*, 969 F.2d 379, 384 (7th Cir.1992); *United States v. Neff*, 954 F.2d 698, 699–700 (11th Cir.1992); *United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir.1991); *United States v. Kerwin*, 945 F.2d 92 (5th Cir.1991); *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir.1990). The rationale was set forth by the Ninth Circuit as follows:

> Where an agency fails to follow the PRA in regard to an information collection request that the agency promulgates via regulation, at its own discretion, and without express prior mandate from Congress, a citizen may indeed escape penalties for failing to comply with the agency's request. But where *Congress* sets forth an explicit statutory requirement that the citizen provide information, and provides statutory criminal penalties for failure to comply with the request, that is another matter. This is a legislative command, not an administrative request.

*Hicks*, 947 F.2d at 1359 (citations omitted).

The Tenth Circuit has stated that it would be inclined to follow the general analysis in *Hicks* and *Wunder* holding that the PRA does not preclude sanctions for failure to file income tax returns because the obligation to file a tax return is a statutory one. *United States v. Dawes*, 951 F.2d 1189, 1192 (10th Cir.1991). However, the *Dawes* court found it unnecessary to base its opinion on the statutory origin theory.

■ In the instant case, entities such as plaintiff were statutorily required to file a toxic chemical release form for each chemical used in excess of a threshold quantity for the preceding calendar year by 42 U.S.C. § 11023. Under the analysis of the above-mentioned cases, cited with approval by the Tenth Circuit in *Dawes*, the court concludes that the PRA does not operate to preclude penalties when the reporting obligation is

---

**3.** Copies of the forms as printed in the Code of Federal Regulations is attached as exhibit B to defendant's memorandum in support of its motion to dismiss, file entry 19.

**4.** Three issues of the *Federal Register* established the regulations: 53 Fed.Reg. 4,525 (Feb. 16, 1988), 53 Fed.Reg. 12,748 (Apr. 18, 1988), and 56 Fed.Reg. 29,185 (June 16, 1991). Only the February 16, 1988 and June 16, 1991 issues included the OMB control number; the April 18, 1988 issue which corrected the February 16, 1988 issue did not.

required by statute rather than by regulation.[5] Because the court concludes that defendant did not exceed its authority in assessing the penalties against plaintiff, the court does not reach the other grounds for dismissal raised by defendant.

### RECOMMENDATION

Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted.

DATED this 14th day of September, 1995.

**5.** Plaintiff cites two portions of the Senate Report on the PRA in support of its argument that the public protection provision applies in this case. The first statement cited by plaintiff appears in a discussion regarding OMB's determination of the necessity for the collection of information. Following a statement that OMB's determination is final unless the information is statutorily required, the report goes on to state, "The fact the collection of information is specifically required by statute does not, however, relieve an agency of the obligation to submit the proposed collection for the Director's review." S.Rep. No. 930, 96th Cong., 2d Sess. 49 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6241, 6289. The purpose of this sentence is merely to clarify that the preceding sentence does not exempt an agency from submitting proposed information requests for OMB review simply because they are statutorily required.

Plaintiff's second citation states, "The only collections of information by a Federal agency which are exempted, and for which a person or persons could not claim protection under section 3512, are those collections of information which this chapter does not apply to and are exempted by section 3518." *Id.* at 52, 6292. The second statement merely elucidates section 3518(c) which provides that the PRA shall not apply to the collection of certain categories of information.

Plaintiff attempts to read the two quoted statements together to support its argument that it is exempted from paying a penalty by the public protection provision of the PRA. However, the two statements cited by plaintiff are separated by several pages and are part of two different discussions. The statements simply are not sufficiently related to support a conclusion that Congress intended that the failure of a federal agency to properly display OMB control numbers precludes the imposition of a penalty for failure to provide statutorily required information.