T.C. Memo. 2007-52

UNITED STATES TAX COURT

THEODORE SKERIOTIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13041-05L.            Filed March 6, 2007.

Theodore Skeriotis, pro se.

<u>Russell F. Kurdys</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Petitioner seeks review pursuant to
sections 6320(c) and 6330(d) of respondent's determination
sustaining the filing of a tax lien with respect to petitioner's
Federal income taxes for 2000 and 2001.[1]  Respondent filed a

---

[1] Unless otherwise indicated, all Rule references are to the
(continued...)

motion for summary judgment and to impose a penalty under section 6673.  We shall grant respondent's motion for summary judgment.

Background

The record establishes or the parties do not dispute the following.

In 2003, respondent sent petitioner notices of deficiency with respect to petitioner's taxable years 2000 and 2001. Petitioner received the notices but did not petition the Tax Court with respect to these notices.

Respondent assessed the deficiencies and sent petitioner notices of tax due and demand letters.  On August 4, 2004, respondent issued petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing under section 6320.  On September 7, 2004, respondent received petitioner's Form 12153, Request for a Collection Due Process Hearing.  In this request, petitioner stated that he "would need to see" certain documents "before I am persuaded that I am legally obligated to pay the taxes at issue". The documents requested included a summary record of assessment, a copy of the notice and demand for payment, and the "pocket commission" of the IRS employee who signed the notice of lien.

---

¹(...continued)
Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1986, as amended.

By letter dated April 8, 2005, respondent's Appeals officer informed petitioner that his arguments in his hearing request were either frivolous or groundless or issues that the Office of Appeals does not consider. The letter informed petitioner that the Office of Appeals would not provide a face-to-face hearing to discuss these issues. The letter offered petitioner the option of a hearing by telephone or correspondence. In the alternative, the letter suggested various legitimate issues that could be discussed in a face-to-face conference and gave petitioner another opportunity to describe the legitimate issues petitioner would want to raise at a face-to-face conference. Petitioner responded with three more letters, requesting additional materials, including a copy of the Appeals officer's oath of office.

On June 3, 2005, the Appeals Office issued its notice of determination, sustaining the tax lien. In an attachment to the notice, the Appeals officer stated that she had verified the proper assessment of petitioner's liabilities by reviewing respondent's Integrated Data Retrieval System (IDRS) and also verified that notice and demand for payment had been made.

On July 11, 2005, petitioner filed his petition. On October 18, 2006, respondent filed a motion for summary judgment and to

impose a penalty under section 6673.[2]  On November 14, 2006, petitioner filed a response, raising frivolous and groundless arguments.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact; factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth

---

[2] Except in limited circumstances not relevant here, Rule 54 generally requires motions to be separately stated and not joined together; we have permitted this joined motion to be filed in the interests of judicial administration.  See Stewart v. Commissioner, 127 T.C. 109, 111 n.2 (2006).  The Court has proposed amending Rule 54 to clarify that motions should not be joined together "Unless otherwise permitted by the Court".  Press Release dated Jan. 16, 2007, p. 22.

specific facts showing that there is a genuine issue for trial. Rule 121(d).

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for and fails to pay taxes after demand for payment has been made. The lien arises when assessment is made and continues until the assessed liability is paid. Sec. 6322. For the lien to be valid against certain third parties, the Secretary must file a notice of Federal tax lien; within 5 business days thereafter, the Secretary must provide written notice to the taxpayer. Secs. 6320(a), 6323(a). The taxpayer may request an administrative hearing before an Appeals officer. Sec. 6320(b)(1). Once the Appeals officer issues a determination, the taxpayer may seek judicial review in the Tax Court or a District Court, as appropriate. Secs. 6320(c), 6330(d)(1).

Section 6330(c)(2) prescribes the matters that a person may raise at an Appeals Office hearing, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. The existence or amount of the underlying tax liability may be contested at an Appeals Office hearing only if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute that tax liability. Sec. 6330(c)(2)(B);

see <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); <u>Goza v.</u>
<u>Commissioner</u>, 114 T.C. 176, 180 (2000).

If the validity of the underlying tax liability is properly
at issue, we review that issue de novo. See <u>Sego v.</u>
<u>Commissioner</u>, <u>supra</u> at 609-610. Other issues we review for abuse
of discretion. <u>Id.</u>

Because petitioner received notices of deficiency but failed
to petition this Court to redetermine the deficiencies,
petitioner is not entitled in this collection proceeding to
challenge his underlying liabilities for 2000 and 2001. See sec.
6330(c)(2)(B); <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v.</u>
<u>Commissioner</u>, <u>supra</u> at 182-183. Accordingly, we review
respondent's determination for an abuse of discretion. See <u>Sego</u>
<u>v. Commissioner</u>, <u>supra</u> at 610.

In his response to respondent's motion for summary judgment,
petitioner's primary argument appears to be that the notices of
deficiency, as well as numerous other documents, including
respondent's pleadings in this case, respondent's tax return
forms, and correspondence that respondent sent to him, are
invalid because they lack valid Office of Management and Budget
numbers.[3] Petitioner's argument is without merit. See, e.g.,
<u>United States v. Dawes</u>, 951 F.2d 1189, 1191 (10th Cir. 1991);

---

[3] In making this argument, petitioner appears to rely on
provisions of the Paperwork Reduction Act of 1980, 44 U.S.C.
secs. 3501-3520 (2000).

United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991); Wheeler v. Commissioner, 127 T.C. 200, 208 n.12 (2006).

Petitioner assigns as error respondent's failure to provide him various documents requested in his Form 12153 and correspondence. Petitioner's contention is without merit. There is no right to discovery in the Appeals hearing, which is informal. See Katz v. Commissioner, 115 T.C. 329, 337 (2000). The Appeals officer did not abuse her discretion in declining to provide the requested materials to petitioner. See Roberts v. Commissioner, 118 T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003).

Petitioner suggests that respondent did not properly assess his taxes for 2000 and 2001 because he did not receive requested copies of Form 23C, Certificate of Assessment, or some other summary record of assessment as required by section 6203 and section 301.6203-1, Proced. & Admin. Regs. We reject petitioner's argument. Respondent was not required to use Form 23C in making the assessment. Roberts v. Commissioner, supra at 371. The Forms 4340, Certificate of Assessments, Payments, & Other Specified Matters, which are in the record provide presumptive evidence that respondent has validly assessed petitioner's 2000 and 2001 liabilities. Id. n.10. Furthermore, on August 4, 2004, respondent issued to petitioner a notice of tax lien, the last page of which set forth, among other things,

petitioner's name, the date of assessment, the character of the liability assessed ("Form 1040"), the taxable periods, and the amounts assessed. This information satisfied the requirements of section 6203 and section 301.6203-1, Proced. & Admin. Regs. See Balice v. Commissioner, T.C. Memo. 2005-161 n.6.

Petitioner complains that he was not given a face-to-face hearing. Petitioner's complaint is without merit. A face-to-face hearing is not invariably required by section 6330; the hearing may be conducted by correspondence or telephone. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Summers v. Commissioner, T.C. Memo. 2006-219. Petitioner was offered a face-to-face hearing to consider legitimate issues. Petitioner chose to pursue only frivolous and groundless arguments as asserted in his Form 12153 and in correspondence with the Appeals officer. In these circumstances, the Appeals officer did not abuse her discretion in determining that a face-to-face hearing would not be productive to consider petitioner's arguments. See, e.g., Summers v. Commissioner, supra. Moreover, in this proceeding, petitioner has raised no legitimate issue that would suggest that it would be productive or appropriate to remand this case to the Office of Appeals for further proceedings. See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

Petitioner has made various other arguments and requests that the Court finds frivolous or groundless. We conclude that

there are no genuine issues of material fact and that respondent is entitled to summary judgment as a matter of law. On the basis of our review of the record, we find that respondent did not abuse his discretion in sustaining the tax lien.

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty no greater than $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. Although we do not impose a section 6673 penalty on petitioner today, we strongly warn him that if he advances similar frivolous arguments in this Court in the future, we may impose on him a section 6673 penalty up to the $25,000 maximum allowable amount, even upon our own motion.

To reflect the foregoing,

An appropriate order and decision will be entered.