T.C. Memo. 2007-116

UNITED STATES TAX COURT

MICHAEL ALAN JACKSON AND MARY JOY JACKSON, ET AL.,[1] Petitioners
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 16782-03, 15151-04,  Filed May 8, 2007.
            14608-05, 15437-05.

Michael Alan Jackson and Mary Joy Jackson, pro sese.

<u>Steven I. Josephy</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  These cases have been consolidated for
purposes of trial and opinion.  In separate notices of

_____

    [1] Cases of the following petitioners are consolidated
herewith:  Michael Alan Jackson, docket Nos. 15151-04 and 14608-
05; and Mary Joy Jackson, docket No. 15437-05.

deficiency, respondent determined the following deficiencies and additions to tax in petitioners' Federal income taxes:

Michael Alan Jackson

| | | Additions to tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654 |
| 2000 | $7,452 | $1,382.25 | n/a | $283.92 |
| 2002 | 6,624 | 1,830.84 | n/a | 214.67 |
| 2003 | 5,466 | 1,503.15 | n/a | 141.04 |

Mary Joy Jackson

| | | Additions to tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654 |
| 2000 | $4,675 | $184.00 | n/a | n/a |
| 2003 | 1,821 | 409.73 | $100.16 | n/a |

The issues for decision are: (1) Whether petitioners received taxable income in the amounts respondent determined; (2) whether petitioners are entitled to deductions; (3) whether Michael Alan Jackson (Mr. Jackson) is liable for a 10-percent additional tax under section 72(t)(1); and (4) whether petitioners are liable for the additions to tax that respondent determined in the respective notices of deficiency.[2]

## Background

When they filed their petition regarding their 2000 taxable year, petitioners resided in Simpsonville, South Carolina. When

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

he filed his petition regarding his 2002 taxable year, Mr. Jackson lived in Kalispell, Montana. When they filed their respective petitions regarding their 2003 taxable years, petitioners lived in Whitefish, Montana.

Petitioners' 2000 Taxable Year

In 2000, Mr. Jackson received wages in the following amounts as reported on Forms W-2, Wage and Tax Statement: $2,514 from Lockheed Martin Aircraft Center; $11,158 from Godshall & Godshall; $27,109 from Hovis Precision Products, Inc.; and $754 from Reed Jewelers. In addition, for 2000, Mr. Jackson received a $53 pension distribution from Lockheed Martin Corp., reported on Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., as well as a $1,654 refund of prior-year State income taxes.

For 2000, Mary Joy Jackson (Ms. Jackson) received wages in the following amounts as reported on Forms W-2: $15,331 from Adecco Employment Services; and $18,030 from GE Gas Turbines Greenville.

For their 2000 taxable year, petitioners submitted to respondent a Form 1040, U.S. Individual Income Tax Return, dated April 14, 2001, claiming joint filing status and two exemptions. On this Form 1040, petitioners entered zeros for income, adjustments to income, and taxes due, but claimed a $5,865

overpayment of taxes.  Petitioners attached to the Form 1040 a typed statement containing tax-protester rhetoric.

Respondent did not accept petitioners' 2000 Form 1040 as a valid return but issued separate notices of deficiency to them on the basis of substitutes for returns that respondent prepared.

Mr. Jackson's 2002 Taxable Year

In 2002, Mr. Jackson received $43,518.90 in wages from Hovis Precision Products, Inc., as reported on Form W-2.  In addition, Mr. Jackson received a $1,493 refund of prior-year State income taxes.  Mr. Jackson did not file a Federal income tax return for 2002.  Respondent issued a notice of deficiency on the basis of a substitute for return that respondent prepared.

Petitioners' 2003 Taxable Years

In 2003, Mr. Jackson received $42,414.13 in wages from Hovis Precision Products, Inc., as reported on Form W-2.  Mr. Jackson did not file a Federal income tax return for 2003.  Respondent issued a notice of deficiency on the basis of a substitute for return that respondent prepared.

In 2003, Ms. Jackson received wages in the following amounts, as reported on Forms W-2:  $13,734 from Caterpillar, Inc.; $2,558 from the U.S. Postal Service; $3,465 from Godley Group Ltd.; and $2,361 from GE Gas Turbines Greenville, L.L.C. She also received $142 from the S.C. Employment Security Commission, as reported on Form 1099-G, Certain Government and

Qualified State Tuition Program Payments. Ms. Jackson did not
file a Federal income tax return for 2003. Respondent issued a
notice of deficiency on the basis of a substitute for return that
respondent prepared.

### Discussion

A.    Taxable Income Determinations

Petitioners bear the burden of proving that respondent's
determinations are erroneous. See Rule 142(a).[3] Petitioners do
not dispute that they received the aforesaid items of
compensation, pension distribution, State income tax refunds, and
payment from the S.C. Employment Security Commission.
Petitioners have advanced no cognizable reason these amounts are
not properly included in their taxable income, as respondent has
determined. See secs. 61, 111.

In their petitions, petitioners broadly deny the figures and
contents of the notices of deficiency but, contrary to Rule

---

[3] If a taxpayer introduces credible evidence and meets
certain other prerequisites, the Commissioner bears the burden of
proof with respect to factual issues relating to the taxpayer's
liability for a tax imposed under subtit. A or B of the Code.
Sec. 7491(a). In addition, if a taxpayer asserts a reasonable
dispute with respect to any item of income reported on an
information return filed with the Secretary by a third party and
the taxpayer has fully cooperated with the Secretary, the
Secretary has the burden of producing reasonable and probative
information, in addition to the information return, concerning a
deficiency. Sec. 6201(d). Petitioners do not dispute the
relevant facts, have failed to introduce credible evidence, and
have not asserted a reasonable dispute regarding the items
reported on the information returns. Accordingly, secs. 6201(d)
and 7491(a) are inapplicable.

34(b)(5), provide no statements of the facts upon which they base assignments of error.  At trial, petitioners raised frivolous arguments characteristic of tax protesters.[4]  They argued that their wages should not be taxable because they have so little left after they pay their expenses (other than their taxes, apparently).  Petitioners' arguments merit no further discussion. See Heisey v. Commissioner, T.C. Memo. 2002-41, affd. 59 Fed. Appx. 233 (9th Cir. 2003).  We sustain respondent's determinations in the notices of deficiency as to the amounts of petitioners' unreported taxable incomes for the years at issue.

B.  Deductions

In their petitions and at trial, petitioners alleged vaguely and without reference to supporting facts that they are entitled to various deductions.  Deductions are a matter of legislative grace; petitioners bear the burden of proving entitlement to them.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Respondent has stipulated that in 2003 Mr. Jackson paid $11,413 of mortgage interest and Ms. Jackson paid $6,137 of mortgage

---

[4] For instance, Mr. Jackson contended that he was entitled to "full and complete relief from this proceeding" because of "invalid OMB number on the 1040 form".  Petitioners did not raise this argument in their petitions.  In any event, the argument is without merit.  See, e.g., United States v. Dawes, 951 F.2d 1189, 1191 (10th Cir. 1991); United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991); Wheeler v. Commissioner, 127 T.C. 200, 208 n.12 (2006).  In addition, at trial Mr. Jackson sought to rely upon a letter which he had previously sent to the Court, demanding that the Court "Verify authenticity of your authority".

interest.  We construe these stipulations as a concession by respondent that petitioners are entitled to mortgage interest deductions in these amounts for 2003.  Otherwise, petitioners have not shown that they are entitled to any deductions.

C.   Additional Tax for Early Distributions

Respondent determined that Mr. Jackson is liable for a 10-percent additional tax on his $53 pension distribution in 2000.  Mr. Jackson does not dispute that he received this distribution from Lockheed Martin Corp. in 2000 as reported on Form 1099-R.

If an individual taxpayer receives any amount from a qualified retirement plan, including an individual retirement account, the taxpayer's tax is increased by 10 percent of the portion of the amount that is includable in gross income.  Secs. 72(t)(1), 4974(c).  There are various exceptions to this general rule, but there are no indications in the record that any of the exceptions applies, and petitioners raise no arguments with respect to this issue.  We sustain respondent's determination on the basis of the record before us.  See Cabirac v. Commissioner, 120 T.C. 163, 168 (2003).

D.   Additions to Tax and Penalties

The petitions contain no specific allegations or supporting facts regarding any of the additions to tax that respondent determined in the respective notices for the years at issue. Petitioners' arguments at trial, largely frivolous challenges to

their obligations to pay taxes, and other frivolous materials that petitioners have submitted to the Court, similarly do not specifically address any issue regarding the additions to tax. We deem petitioners to have conceded these issues and hold that respondent has no burden of production under section 7491(c) as to the additions to tax. See Funk v. Commissioner, 123 T.C. 213, 215 (2004); Swain v. Commissioner, 118 T.C. 358, 363-364 (2002). We sustain respondent's determinations as to the various additions to tax, subject to computational adjustments resulting from respondent's concession that petitioners are entitled to mortgage interest deductions for 2003.[5]

## E.   Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 whenever it appears to the Court that proceedings have been instituted or maintained primarily for delay or that the taxpayer's position in such proceedings is

---

[5] For example, the notice of deficiency indicates that respondent determined the amount of Mr. Jackson's liability for the sec. 6654 addition to tax for 2003 by calculating the required annual payment by reference to 90 percent of Mr. Jackson's 2003 tax, pursuant to sec. 6654(d)(1)(B)(i). The revised computation should take into account the decrease in Mr. Jackson's 2003 tax resulting from the allowance of the mortgage interest deduction. Similarly, should the recomputed amount of Mr. Jackson's 2003 tax be less than $1,000, there would be no sec. 6654 addition to tax. See sec. 6654(e)(1). (The evidence indicates that Mr. Jackson had no amount withheld as tax in 2003; accordingly, there is no credit allowable under sec. 31 that might otherwise affect the operation of the exception in sec. 6654(e)(1).)

frivolous or groundless. Respondent has not asked that we impose a section 6673 penalty. We strongly warn petitioners that they may be subject to section 6673 penalties, even upon the Court's own motion, if they continue to press frivolous arguments in this Court.

To reflect the foregoing and respondent's concession,

<u>Decisions will be entered under Rule 155</u>.