Muriel Zola REICHLE, Petitioner–
Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 07–0994–ag.

United States Court of Appeals,
Second Circuit.

Dec. 29, 2008.

Muriel Zola Reichle, Pro Se, New York, N.Y., for Appellant.

Richard L. Parker, Attorney, Tax Division, Department of Justice, (Richard T. Morrison, Acting Assistant Attorney General, on the brief, Andrea R. Tebbets, Attorney, Tax Division, Department of Justice, on the brief), Washington, D.C. (submitted), for Appellee.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Taxpayer Muriel Zola Reichle appeals, pro se, from an order of the United States Tax Court entered December 8, 2006 granting the Commissioner of Internal Revenue's motion for summary judgment. The issue presented by this appeal is whether the Tax Court correctly held that the Internal Revenue Service (IRS) Appeals Office did not abuse its discretion in sustaining the filing of a notice of federal tax lien to collect Reichle's unpaid federal income liability for 1998. Reichle disputes the Commissioner's assessment of her 1998 tax liability and argues that the Commissioner failed to provide her with due process. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment by the Tax Court de novo. *Eisenberg v. Comm'r*, 155 F.3d 50, 53 (2d Cir. 1998). When the underlying tax liability is not in issue, courts of appeals review the Commissioner's determination for abuse of discretion. *See Kindred v. Comm'r*, 454 F.3d 688, 694 (7th Cir.2006). "Put simply, if we conclude that the IRS appeals officer did not abuse his discretion in upholding the lien imposed on the petitioners, then summary judgment was properly granted and we will affirm the Tax Court's decision." *Id.*

Although Reichle disputes it, the underlying tax liability is not properly at issue on this appeal. Reichle concedes that she did not file a tax return for the year 1998, and that she did not respond to IRS' notice of deficiency for her 1998 taxes, sent to her by certified mail in 2001. Reichle was therefore precluded from challenging "the existence or amount" of the 1998 liability at a subsequent collection-due-process (CDP) hearing to contest the federal tax lien filing, having failed to respond to the notice of deficiency for 1998. 26 U.S.C. § 6330(c)(2)(B).

In affirming the notice of lien, the IRS Appeals Office did not abuse its discretion. The Tax Code requires that an IRS Appeals Officer, in determining whether to affirm a notice of federal tax lien after a CDP hearing, assess (1) whether the administrative requirements for a lien have been met, (2) the issues raised by the taxpayer at the hearing, and (3) whether the proposed lien "balances the need for the efficient collection of taxes with the legitimate concern of the [taxpayer] that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3). Our review of the record demonstrates that the Appeals Officer reasonably determined that these requirements had been met. Thus, summary judgment was properly granted by the Tax Court.

Reichle was also not treated unfairly. The Tax Court advised Reichle to file her returns as soon as possible and meet with an IRS Taxpayer Advocate regarding an offer-in compromise to resolve her delinquent tax liability. *See* 26 U.S.C. § 6330(c)(2)(A)(iii). The Tax Court made efforts to assist Reichle by directing the Commissioner to issue subpoenas for her brokerage records and offering to allow

Reichle sixty days to hire a professional to assist in preparation of the delinquent returns. After Reichle refused to prepare the returns, the Tax Court granted the Commissioner's summary judgment motion.

Reichle contends, for the first time on this appeal, that the Commissioner is in violation of the Paperwork Reduction Act of 1980(PRA), 44 U.S.C. §§ 3501–3520, by failing to provide an Office of Management and Budget (OMB) control number and notice thereof on the 1998 Form 1040. This argument is not properly before this Court because Reichle did not raise it in the Tax Court. *See, e.g., Bogle–Assegai v. Connecticut,* 470 F.3d 498, 504 (2d Cir. 2006). Moreover, the 1998 Form 1040 does have a valid OMB control number. *See United States v. Dawes,* 951 F.2d 1189, 1193 (10th Cir.1991).

Reichle's contention that she was denied due process is without support in the record. We have considered all of Reichle's other arguments on appeal and find them to be without merit. Accordingly, the judgment of the Tax Court hereby is AFFIRMED.